FIELD, P.
The judges being equally divided in opinion, the decree must be affirmed with costs, by operation of law.
Two of us, Judge Thomson and I, think the damages excessive, and that the appellant, having shown a sufficient excuse for not defending himself at law, should have been released from the payment of so much of the damages as were excessive, and that a jury should have been empaneled to try an issue to ascertain the true amount of damages, as of the 11th September, 1837, which, when ascertained, the appellant should have been required to pay with legal interest thereon from the date of the judgment of the county court. The judgment of the county court should have been held as a security for the paj'ment of those damages and interest, as was ruled in the case of Knifong v. Hendricks, 2 Grat. 212. On this point the other two judges concurred in opinion with us; but they thought, under the circumstances, no relief could be given.
This is a hard case on the appellant. Yet, as the controversy has been so long pending, if the damages, when ascertained by a jury, as above indicated, unless the amount should be greatly below what we suppose they *would be fixed at, should be made to carry interest from the date of the judgment of the county court, August 14, 1838, until paid, a period of about seventeen years and a half, the appellant’s success at this late day would have been an injury to“him, as the amount to be paid would exceed what will be required to satisfy the present judgment, including the costs of the litigation and the damages which accrued during the time the injunction was pending in the county court. Whilst, therefore, we would, have interposed and granted relief, yet that the court has not done so, should not be' regarded as a matter of regret either by the appellant or his counsel.
THOMPSON, J., concurred with EIEED, P.
GILMER, J.
This is a hard case on the-appellants, and one in which I feel inclined to afford them relief. Not only are the damages assessed by the valuers on the land of the appellee excessive, but, in addition to that, the appellants, by a misapprehension into which their counsel, in common with the counsel of the appellee, and of the profession generally, had fallen, have been deprived of an opportunity of obtaining relief against those damages— and there can hardly be two opinions with regard to the propriety, in a moral point of view, of the appellee availing himself of this advantage — but vre sit here not to try questions of mere ethics, or to enforce mere moral obligations; the case must be decided according to the principles of equity.
*766 The counsel for the appellants invoke the aid of equity on the ground of fraud — ■ not fraud in the appellee, or in his counsel, in obtaining the judgment of the county court, or the appeal; for it is admitted that the judgment was entered and the appeal taken by consent of the counsel on both sides, and it is not pretended that the counsel for the appellants did any thing to induce the counsel for the appellee to permit the judgment to be entered, or to take the appeal, but the result of the appeal being different from what either of the parties anticipated, *it is argued tha't it is fraudulent in the appellee to avail himself of the judgment. Why was the result so different? Simply because the counsel on both sides were mistaken about the law. There is no evidence whatever to shew that the mistake of the appellant’s counsel was induced by any thing said or done by the counsel on the other side, and I cannot see how the fact that both counsel were mistaken in the law, can alter the case. If the appellant’s counsel had alone been mistaken, and had of his own mere motion permitted the judgment to be entered in the county court, no one would say that equity could afford any relief, and how can he place himself in any better condition by shewing that his opponent was also mistaken? Indeed, there would be stronger ground for alleging fraud if the fact had been the other way.
Adams, in his “Doctrine of Equity,” p. 383, after stating the grounds of equitable relief, says: “And still less can any equity arise if the facts were known at the time of the trial and the grievance complained of has been caused by mistake in pleading or other mismanagement, or by a supposed error in the judgment of the court,” and in a note at the next page (384) it is said that “any fact which clearly proves it to be against conscience to execute a judgment at law and of which the injured party could not have availed himself in a court of law; or of which he might have availed himseljf, but w,as prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will authorize a court of equity to interfere by injunction, but not where there has been negligence on the part of the complainant in availing himself of a defence at law or other neglect. ’ ’ These principles have been again and again acted on in our Court of Appeals and rigidly adhered to. The cases are too numerous and familiar to require to be cited, and some of the latest have been very strong cases for relief, and yet it has been refused.
*But it was argued by the appellant’s counsel that the judgment of the county court was a judgment pro forma. It is true, that it appears from the record that no witnesses were examined, but it appears that the judgment was entered by-consent of the counsel on both sides, and the judgment must have the same force and effect as any other obtained in the ordinary way, unless upon the principles of equity some ground can be shewn for relief. It has already been said that no fraud was resorted to by the appellee in' obtaining it, and the only ground for seeking to reverse it is the dismission of the appeal by the circuit court, which was not done in consequence of any violation of his agreement by the appellee or his counsel, but simply because the law did not allow such an appeal. This was the law when the judgment of the county court was rendered, and if the fact that the counsel was mistaken in the law were good ground for relief in equity, a judgment at law would be of but little value. Eor these reasons I feel constrained to affirm the decree.
TYLER, J., concurred with GILMER, J.
Affirmed by a divided court.