## HILLSBOROUGH *v.* WILLIAM C. NICHOLS.

A town, against which a judgment has been rendered by agreement in an action brought by A. to recover for damage alleged to have happened to him by reason of a defect in a highway, cannot, while such judgment remains in full force, maintain an action on the case against A. for obtaining the judgment by false and fraudulent pretences as to his alleged cause of action and without the existence of any cause of action in fact.

An allegation in the declaration of a conspiracy between A. and another will not make such an action maintainable against A.

DEMURRER to the plaintiff's declaration. The declaration was as follows :

In a plea of the case, for that the said William C. Nichols, on the twenty-third day of December, A. D. 1861, at Concord, in said county of Merrimack, without any lawful or just cause of action, or the least color of right, purchased out of the clerk's office of our Supreme Judicial Court, for our said county of Merrimack, our writ of summons against the plaintiff, bearing teste the said twenty-third day of December, returnable at said Supreme Judicial Court, then next to be holden at Concord, in and for said county of Merrimack, on the first Tuesday of February, A. D. 1862, and therein the said William C. Nichols complained, "that at said Hillsborough, on the fourth day of November, A. D. 1861, there was, and for a long time had been and still is, a public and common highway in said Hillsborough, being part of the highway leading from the village of West Henniker to the village of Hillsborough Bridge, known as the new road between said villages, which part of said public and common highway in Hillsborough aforesaid, the said town of Hillsborough during all said time, was and still is bound and liable by law to maintain and keep in good and sufficient repair suitable for the travel passing thereon, so that all persons might and may pass and repass safely thereon, by and with themselves, their horses and carriages. And the plaintiff avers, that, at said Hillsborough, on said fourth day of November, said part of said highway, in Hillsborough aforesaid, was then and there, narrow, sloping, rounding, sidling, uneven, unsafe and dangerous to pass ; that there was upon the side of the same highway in Hillsborough aforesaid, and in close proximity to the travelled part thereof a deep and precipitous descent, to wit, of the depth of thirty feet, and that the said town of Hillsborough, during all the time aforesaid, was and still is bound and liable to keep and maintain upon the side of said highway in Hillsborough aforesaid, near to and by said deep and precipitous descent a good and sufficient railing, barrier and protection, to prevent travellers lawfully passing, from going and driving off and being precipitated and thrown down said descent and from injury therefrom, and that said town of Hillsborough during all the time aforesaid, neglected and refused to furnish and provide said railing, barrier and protection, of all which said town of Hillsborough had due notice.

And the plaintiff further avers that, on said fourth day of November, at said Hillsborough, George W. Nichols, his son, an infant under the age of twenty-one years, to wit, of the age of eighteen years, was driv-

ing and travelling in a lawful, careful and prudent manner, over and upon said part of said highway in said Hillsborough, with the plaintiff's horse and wagon, the said George W. Nichols being in said wagon, and drawn by said horse, the whole weight of the load upon said wagon, exclusive of said wagon, being less than three tons, to wit, of the weight of five hundred pounds, and no more, and by reason of the said part of said highway, in said Hillsborough, being narrow, sloping, rounding, sidling, uneven, unsafe and dangerous to pass as aforesaid, and of the existence of the deep and precipitous descent as aforesaid, and the want of such good and sufficient railing, barrier and protection, the said horse and wagon were driven and thrown down said precipitous descent, and the plaintiff's said son, George W. Nichols, was precipitated and fell upon the ground and rocks there situate, to wit, a distance of thirty feet, with great violence, and by means of the premises, he was then and there greatly bruised, wounded. and injured, and his head, face, arms, shoulders, back and legs were greatly bruised, strained and wounded, by reason of which the plaintiff has been compelled to expend, and has expended large sums of money, to wit, the sum of five hundred dollars, for surgical and medical aid, and nursing, to support the said George W. Nichols, and relieve him from his great suffering consequent on the injuries received as aforesaid.  And the said George W. Nichols has been detained and injured in the prosecution of his usual business and avocations, to the amount of five hundred dollars; and the plaintiff thereby lost the earnings and profits, which he otherwise would have received and derived from the services of the said George W. Nichols, and in consequence and by reason of said injuries received as aforesaid, the said George W. Nichols has been, during all the time since said fourth day of November, and still is lame, sick, weak and disabled from bodily labor, and is likely so to continue and remain during his natural life, whereby the plaintiff will lose the earnings and profits which he otherwise would receive and derive from the services of the said George W. Nichols, during his minority, and by reason of the premises as aforesaid, the wagon of the plaintiff was damaged and broken, and the plaintiff's horse was thrown down and lamed and otherwise injured, whereby and by reason of all which, the plaintiff has sustained great loss and damage, to wit, the sum of five thousand dollars, all of which is by reason of the insufficiency and want of repair of said part of said highway in said Hillsborough, and without the fault or negligence of the plaintiff."

And on said twenty-third day of December, A. D. 1861, at said Concord, said defendant, without any lawful or just cause of action, or the least color of right, purchased out of the clerk's office of our Supreme Judicial Court, for our said county of Merrimack, another writ of summons against said town of Hillsborough, bearing teste the said twenty-third day of December, returnable at said Supreme Judicial Court, then next to be holden at Concord, in and for said county of Merrimack, on the first Tuesday of February, A. D. 1862, in the name of George W. Nichols, of Warner, in said county of Merrimack, yeoman, an infant under the age of twenty-one years, who sued said action

by said William C. Nichols, his father and next friend, and therein complained : "That at Hillsborough, aforesaid, on the fourth day of November, A. D. 1861, there was, for a long time had been, and still is, a public and common highway, in said Hillsborough, being part of the highway leading from the village of West Henniker to the village of Hillsborough Bridge, known as the new road between said villages, which part of said public and common highway in Hillsborough aforesaid, the said town of Hillsborough, during all said time was, and still is, bound and liable by law to maintain and keep in good and sufficient repair, suitable for the travel passing thereon, so that all persons might and may pass and repass safely thereon, by and with themselves, their horses and carriages ; and the plaintiff avers, that at said Hillsborough, on said fourth day of November, said part of said highway in Hillsborough aforesaid, was then and there, narrow, sloping, rounding, sidling, uneven, unsafe and dangerous to pass ; that there was upon the side of the said highway in Hillsborough aforesaid and in close proximity to the travelled part thereof a deep and precipitous descent, to wit, of the depth of thirty feet, and that the said town of Hillsborough, during all the time aforesaid, was and still is, bound and liable to keep and maintain upon the side of said highway in Hillsborough aforesaid, near to and by said deep and precipitous descent a good and sufficient railing, barrier, and protection, to prevent travellers lawfully passing from going and driving off and being precipitated and thrown down said descent and from injury therefrom, and that said town of Hillsborough, during all the time aforesaid, neglected and refused to furnish and provide said railing, barrier, and protection, of all which said town of Hillsborough had due notice.   And the plaintiff further avers that on said fourth day of November, at said Hillsborough, he was driving and travelling in a careful and prudent manner, over and upon said part of said highway, in said Hillsborough, with a certain horse and wagon he being in said wagon and drawn by said horse, the whole weight of the load upon said wagon, exclusive of said wagon, being less than three tons, to wit, of the weight of five hundred pounds and no more, and by reason of the said part of said highway, in said Hillsborough, being narrow, sloping, rounding, sidling, uneven, unsafe and dangerous, to pass as aforesaid, and of the existence of the deep and precipitous descent aforesaid, and the want of such good, and sufficient railing, barrier and protection, the said horse and wagon were driven and thrown down said precipitous descent, and the plaintiff was precipitated and fell upon the ground and rocks there situate, to wit, a distance of thirty feet with great violence, and by means of the premises, he was then and there greatly wounded and injured and his head, face, arms, shoulders, back and legs were greatly bruised, strained and wounded by reason of which he has been compelled to expend and has expended large sums of money, to wit, the sum of five hundred dollars, for surgical and medical aid and nursing, to support him and relieve him from his great sufferings, consequent on the injuries received as aforesaid, and has been detained and hindered in the prosecution of his usual business and avocations to the amount of five hundred dollars, and in consequence and

by reason of said injuries received as aforesaid, he has been during all the time since said fourth day of November and still is lame, sick, weak and disabled from bodily labor, and is likely so to continue and remain during his natural life, whereby and by reason of all which he has sustained great loss and damage, to wit, the sum of fifteen thousand dollars, all which is by reason of the insufficiency and want of repair of said part of said highway in said Hillsborough, and without the fault or negligence of the plaintiff." Which said actions were both duly entered at said February Term of the Supreme Judicial Court, for said county of Merrimack, and remained pending in said court until the February Term, 1863, of said court, when judgment was rendered by agreement in both of said suits, for the sum of two thousand dollars, for all the damages and costs in both suits, and the said judgments were satisfied by the payment of said sum of two thousand dollars by said town to said defendant.

Now the said plaintiff in fact saith that at the time of the purchase of the aforesaid writs, against said town in manner aforesaid, the said William C. Nichols had not in his own name, nor the said George W. Nichols in the name of his father and next friend, the said William C. Nichols, any just cause of action against said town, as they alleged in their said writs, but that the said William C. Nichols and George W. Nichols unlawfully conspired, combined, confederated and agreed together by divers false pretences, false representations and other fraudulent means, to induce said town to pay, the said sum of two thousand dollars, and said town avers that being deceived by said false pretences, false representations and other false means, it was induced to pay said sum of two thousand dollars, to said William C. Nichols, and paid out and expended divers other sums of money, to wit, the sum of five hundred dollars for legal services and counsel fees, and the sum of five hundred dollars for the expenses of sundry journeys, taking of depositions and other necessary preparations for the trials of said actions, by means of all which unjust and malicious suits and conspiracies of the said William C. Nichols and George W. Nichols, said town was put to great cost and trouble, expense and damage, (as it says) the sum of three thousand dollars.

Also for that the said William C. Nichols, on the 23d day of December, A. D. 1861, at said Concord, without any lawful or just cause of action, or the least color of right, purchased out of the clerk's office of our Supreme Judicial Court, for our said county of Merrimack, two writs of summons against the plaintiff, one in his own name, and one in the name of George W. Nichols, of said Warner, yeoman, an infant under the age of twenty-one years, who sued the action by the said defendant, his father and next friend, each bearing teste the said 23d day of December, each returnable at said Supreme Judicial Court, then next to be holden at said Concord, in and for said county of Merrimack, on the first Tuesday of February, A. D. 1862, and therein the said plaintiff complained as hereinbefore stated, which said actions were both entered at said February Term of the Supreme Judicial Court, for said county of Merrimack, and were continued from term to term in said

court until the February Term, A. D. 1863, when judgments were rendered by agreement in both of said actions for the sum of two thousand dollars, for all the damages and costs in both of said actions, which said judgments were satisfied by the payment of said sum of two thousand dollars, by the plaintiff to the defendant.  Now the said plaintiff in fact saith, that, at the time of the purchase of our said writs against said town in form as aforesaid, the said William C. Nichols had not in his own name, nor in the name of the said George W. Nichols, in any way, any just cause of action against said town as alleged in said writs, but the said defendant by divers false pretences, false representations and other false and fraudulent means, induced the plaintiff to pay the defendant said sum of two thousand dollars and sundry other sums, to other persons in this behalf, to wit, the sum of five hundred dollars paid out for legal advice and services, and the further sum of two hundred dollars paid out for incidental expenses arising out of said actions, by all which unjust and malicious suits, by reason of the aforesaid false pretences, false representations and other fraudulent means of the said defendants, the plaintiff was put to great cost, expense and damages, (as it says) the sum of three thousand dollars.

Also for that the said defendant, on the 23d day of December, A. D. 1861, at said Concord, purchased out of the clerk's office of our Supreme Judicial Court, for said county of Merrimack, two writs of summons against the plaintiff, one in his own name and one in the name of George W. Nichols, of said Warner, yeoman, an infant under the age of twenty-one years, who sued the action, by the said defendant, his father and next friend, each bearing teste the said 23d day of December, each returnable at said Supreme Judicial Court, then next to be holden in and for said county of Merrimack, on the first Tuesday of February, A. D. 1862, and therein the said plaintiff complained, as herein before stated, which said actions were both entered at said February Term of the Supreme Judicial Court, for said county of Merrimack, and were continued from term to term in said court until the February Term, A. D. 1863, when judgments were rendered by agreement in both of said actions and the said judgments were satisfied by the payment of said sum of two thousand dollars, by the plaintiff to the defendant.  Now the said plaintiff in fact saith, that, at the time of the purchase of our said writs, against said town, in form as aforesaid, the said George W. Nichols, was not then and there so greatly bruised, wounded and injured, and his head, face, arms, shoulders, back and legs were not so greatly bruised, strained and wounded, nor by reason thereof has he or the said defendant been compelled to expend, nor has he nor have they expended large sums of money, for surgical and medical aid and nursing, to support him, the said George W. Nichols, and relieve him from his great sufferings consequent upon his injuries, nor was he detained and hindered in the prosecution of his usual business nor did he continue lame, sick, weak, and disabled from bodily labor, nor was he likely so to continue and remain during his natural life, nor was the said defendant deprived of the earnings and profits, which he otherwise would have received and derived from the services of the said

George W. Nichols, during his minority, by reason of said injuries, as he has alleged in his said writs of summons hereinbefore set forth, but the said defendant by divers false pretences, false representations, and other fraudulent means, induced the plaintiff to pay said sum of two thousand dollars, and other sums, to wit, the sum of five hundred dollars paid out for legal services, and the further sum of two hundred dollars paid out for incidental expenses arising out of said actions, by all which unjust doings and by reason of the aforesaid false pretences, false representations, and other false and fraudulent means of the said defendant, the plaintiff was put to great cost, expense and damage, (as he says) the sum of three thousand dollars.

Also for that the said defendant, at said Concord, on the day of the purchase of this writ being indebted to said town of Hillsborough, in the further sum of three thousand dollars, for so much money before that time, had and received by the defendant to the plaintiff's use, in consideration thereof then and there promised to pay said town said sum ; yet though requested has never paid the same, to the damage of the said plaintiff (as it says) the sum of five thousand dollars.

*George, Foster & Sanborn*, for plaintiff.

*Minot & Mugridge*, for defendant.

BARTLETT, J.   The principles stated in *Lyford* v. *Demerritt*, 32 N. H. 234, seem to us decisive of the main question in this case.   The substance of the cause of action set forth in the declarations in the former suits between these parties, was the injury of George W. Nichols by reason of a defect in a highway, which the town was bound to repair ; and the judgments for the plaintiff in those suits, though entered by agreement, are conclusive upon the parties here as to the existence of that cause of action.   *Tebbetts* v. *Tilton*, 31 N. H. 285 ; *Thatcher* v. *Gammon*, 12 Mass.  268 ; *Willson* v. *Willson*, 25 N. H. 229 ; *Railroad* v. *Shippen*, 2 P. & H. 327.

The allegations of the present declaration are in substance that no such cause of action existed as was averred in the declarations and admitted in the judgments in those former suits, and that the present defendant conspiring with George W. Nichols, by false pretences and representations, induced the town to pay the amount of those judgments, and caused it to pay other expenses incidental to the defense of those former suits.   Whether the declaration be construed as claiming that the defendant having in truth no cause of action, but having obtained judgments by agreement in those suits, conspired with George W. Nichols, and by false pretences and representations induced the town to pay those judgments, and by reason of the unjust suits and conspiracy put the town to this and to other expenses, incidental to the defense of the actions, or, as it seems understood by the counsel in their arguments, as averring that the defendant, having in fact no such cause of action as was stated in his declarations, conspired with George W. Nichols and obtained these judgments by false pretences and representations as to his

cause of action, it is quite apparent that the town now proposes to re-try the merits of the former suits, for the matter in issue there was whether the defendant Nichols had the cause of action alleged in his declarations; and the foundation of the present suit is the denial of that fact by the plaintiff; if this is open to the town now, we see no reason, in case it should prevail in this action, why the defendant may not upon similar allegations in another suit claim to re-try this action. The set-tled policy of the law will not permit a matter once adjudicated to be thus drawn in question again between the parties, while the original judgment remains in force. *Lyford v. Demerritt*, 32 N. H. 234; *Demerritt v. Lyford*, 27 N. H. 548; *Marriott v. Hampton*, 7 T. R. 269; *Homer v. Fish*, 1 Pick. 435; *Greene v. Greene*, 2 Gray 361; *Railroad v. Sparhawk*, 1 Allen 448; *McClees v. Burt*, 5 Met. 200; 4 C. & H.'s Phil. Ev. 79. Allegations of conspiracy and fraud-ulent knowledge on the part of the defendant will not prevent the oper-ation of the general rule in this case. *Lyford v. Demerritt, supra; Great Falls Company v. Worster*, 45 N. H. 111; *Dunlap v. Glid-den*, 31 Me. 435; *Smith v. Lewis*, 3 Johns 167; *McRae v. Mat-ton*, 13 Pick. 57; *Tebbetts v. Tilton*, 31 N. H. 287. Whether the town might have a remedy in some other form, if the entry of the judg-ment was procured by the fraud of this defendant, (see *McClees v. Burt; Greene v. Greene; Bellows v. Stone*, 14 N. H. 203; R. S. ch. 192, secs. 2 and 6,) we are not now called upon to inquire.

The demurrer to the first, second and third counts of the declaration must be sustained.