Samuel Dunlap *versus* Benjamin Glidden, Jr. & *two others.*
Samuel Dunlap *versus* Benjamin Glidden, Jr. & *three others.*

Where a verdict and judgment have been recovered against a party to a suit,
he cannot, (while such judgment is unreversed,) maintain an action against
the other party jointly with others, upon an allegation that said verdict was
unjust and false, and was procured by them, through fraud and perjury,
under a conspiracy to affect that purpose.

In such an action, the plaintiff is estopped by the judgment, from proving
the charges alleged in his declaration.

An action will not lie against one, who was a witness in another suit, for
giving false testimony.

Actions of the case, each charging, *that* Dunlap was the
just and lawful owner of a lot of land; *that* said Glidden,
however, had sued out a writ of entry for the land against
Dunlap, and in that action had obtained a verdict and judg-
ment for the same; *that* said verdict was obtained by the
fraud of Glidden and by false testimony of two of the defend-
ants and of other witnesses, under a conspiracy among all the
defendants, by fraud and perjury, to deprive and cheat the
plaintiff of his said land.

The defendants protesting, that the fraud and conspiracy
are falsely charged, pleaded that the plaintiff is estopped, by
the said judgment, from proving his allegations.

The plaintiff replies, that he ought not to be estopped, &c.
because neither the parties nor the cause of action in the for-
mer suit were the same as in this action, and re-asserts, that
said judgment was obtained by fraud, perjury and conspiracy
as in the writ alleged. To that replication the defendants
demur generally, and there is a joinder in the demurrer.

*F. Allen,* in support of the demurrer.

*Lancaster* and *Baker,* contra.

I. In one of the suits there are two defendants, and in the other suit three defendants, who were *not parties to the* suit, in which the judgment was fraudulently obtained, nor are they alleged to be privies in law, in estate or in blood. They are, therefore, not bound by the judgment, and can take no advantage of, &c. A record to be binding, must be mutually so. 1 Greenl. Ev. § 524; 1 Starkie's Ev. part 2d, § 62; *Burgess* v. *Lane & al.* 3 Maine, 165; *Maybee* v. *Avery,* 18 Johns. 352.; *Sprague* v. *Oakes,* 19 Pick. 458.

II. The cause of action is not the same. The former suit raised a mere question of title. This charges a conspiracy to cheat, made effectual by false testimony of defendants. The actions did not accrue at the same time, one in Dec. 1846, the other in Oct. 1848. Same evidence will not support both. *Salem India Rubber Co.* v. *Adams,* 23 Pick. 256; *Gates* v. *Goreham,* 5 Verm. 317.

III. The pleadings admit, that the former judgment was obtained by the fraud and false testimony of defendants. Such a judgment is not only not an estoppel, but is not even admissible in evidence. Authorities cited above. Defendants ought not to take advantage of their own wrong, and unless this action can be maintained, the plaintiff has no remedy for the grevious oppression which he has sustained, and that great principle of constitutional law is violated. 3 Pick. 33.

IV. It is said the replication is defective. This is denied, but if it be so, the first fault was in the plea. For it does not answer the whole case; it does not allege, that the parties in the former suit, and in the present suits are the same or are privies; or that the judgment is yet in force.

WELLS, J. — The cause of action in these suits is the same, but the same defendants are not all joined in each of them. The declarations allege in substance, that Benjamin Glidden, jr. commenced an action against the plaintiff to recover several parcels of real estate, that a verdict was rendered in that action in favor of Glidden, and judgment was entered on the verdict, that all of the defendants fraudulently conspired together to defeat the plaintiff's title, and to aid Glidden in his

suit, and that by the false testimony of two of the defendants and others, the verdict was obtained against the plaintiff.

These actions are brought to recover damages arising from the judgment obtained by Glidden against the plaintiff, and if they should be sustained, the record would present the anomaly of a judgment remaining in full force, and of another, in which damages were rendered on account of the existence of the former one. But the judgment against the plaintiff, so long as it remains in force, must be considered as true and just. He cannot be permitted to aver the falsity of that judgment, as the ground for the recovery of damages. It constitutes in itself a clear and unequivocal denial of his allegations. He says, that by the fraud and conspiracy of the defendants, he has lost the land, but the judgment imports that it was properly rendered in the ordinary course of judicial proceedings.

It is contended, that the defendants were not all parties to the judgment, and cannot avail themselves of it in this suit, and that the plaintiff is not estopped in relation to them, some of whom are neither parties or privies, to deny the validity of the judgment. That principle would be correct in reference to those, who were not parties or privies, in a controversy with them in relation to the land, for the estoppel must be mutual. But it does not apply to these cases. They are not brought for the land, but to recover damages for the loss of it, and the judgment shows that the plaintiff was not entitled to it. He grounds these actions upon the exhibition of a judgment against himself, and claims to maintain them because it was unjustly obtained. Glidden, who was a party to the suit, might avail himself of any estoppel arising from it, in a case where it should become expedient for him to do so, and could not be deprived of the benefit of it by being united with others. The plaintiff himself presents the judgment as the cause of his injury, and the basis of his claim against all of the defendants. He does not seek to pass by it, as *res inter alios acta,* but in substance admits it to be binding upon him, though he contends it was unjustly obtained, and alleges that his damages have been caused by it.

The suits are analogous to an action of conspiracy, and to an action on the case, in the nature of a conspiracy, at the common law. And in such actions, it must appear, that the plaintiff has been acquitted or discharged from the prosecution commenced against him. 3 Black. Com. 126 ; *Case of Conspiracy*, 12 Co. 23 ; *Saville* v. *Roberts*, 1 Ld. Raym. 374 ; *Pollard* v. *Evans*, 2 Show. 50 ; *Fisher* v. *Bristow*, Doug. 215. But these actions have been superseded by the modern action for malicious prosecution. 1 Chit. on Plead. 136. In which action the plaintiff must show a want of probable cause as one of its essential elements.

It has been held that a conviction before a justice of the peace, having jurisdiction, is conclusive evidence of probable cause, although upon an appeal, there was an acquittal. *Whitney* v. *Peckham*, 15 Mass. 243. But exceptions have been made to this rule, where the conviction before the magistrate, was obtained by the fraudulent conduct of the prosecutor, and the accused was subsequently acquitted upon an appeal. *Bent* v. *Place*, 4 Wend. 591 ; *Payson* v. *Caswell & al.* 22 Maine, 226.

In *Payson* v. *Caswell & al.* the defendants were charged with a malicious prosecution, and also for a conspiracy to injure the plaintiff, by a prosecution known to them to be groundless. It is said by WHITMAN, C. J., that the want of probable cause is essential under either aspect of the case, and however malicious the defendants may have been, if they had probable cause for the prosecution, the policy of the law would shield them from harm, in a suit of this kind, whatever form it might have assumed.

The most satisfactory view, which can be taken of these cases, is to class them with actions for malicious prosecution, the principles of which apply to actions to recover damages, for the prosecution of civil suits, that are false and malicious. But a civil suit in such cases, is not considered false, unless it has been defeated, or appears to have been brought for a larger sum than was known to be due, for the purpose of oppressing the defendant by attaching his property, or arresting him when

he would not be liable to an arrest for the sum actually due. Hargrave & Butler's note, 297, to § 237 of Lit.; *Mathews* v. *Dickinson*, 7 Taunt. 399; Bul. N. P. 13; *Savage* v. *Brewer*, 16 Pick. 453. And the judgment in favor of Glidden, which was rendered upon a verdict of a jury, by the highest tribunal in the State, must be considered as conclusive evidence of probable cause.

The plaintiff cannot recover upon the ground alleged of false testimony given by some of the defendants. For an action will not lie against a witness for giving false testimony in another case. *Damport* v. *Sympson*, Cro. Eliz. 520; *Eyres* v. *Sedgwicke*, Cro. Jac. 601.

If the judgment was obtained, as is contended, by fraud and perjury, the plaintiff has ample remedy by law. The court, which rendered the judgment, upon proof of these allegations, would be bound to grant a new trial, so that upon a further investigation, justice might be done. The witnesses, if guilty, might be indicted for perjury, and so might all those be indicted, who had unlawfully conspired together to deprive the plaintiff of his rights, and their conviction would afford the most convincing evidence, that a review of the action should take place.

It is contended on the part of the plaintiff, that the pleas of the defendants are bad. But it does not become necessary to decide that question, for the declarations being bad, judgment must be rendered against the plaintiff as the party, who committed the first error in pleading.

*The declarations in both actions are adjudged bad.*