## CHRISTOPHER SEVERANCE *vs.* HIRAM C. JUDKINS.

### Penobscot.    Opinion May 5, 1882.

*Malicious prosecution.    Pleading.    Perjury.*

In an action for malicious prosecution, the plaintiff must allege and prove the fact of such prosecution and its termination in his favor.

At common law the perjury of a witness affords no ground of action for damages. Such an action is authorized by R. S., c. 82, § 124, but it applies only in civil suits.

Though the conviction of a minor son of an offense may be unjust and procured by fraud and perjury, and through a conspiracy to accomplish such a purpose.

an action by the father for damages occasioned thereby, is not maintainable while such conviction remains unreversed.

ON REPORT.

The opinion states the case.

*N. Wilson*, for the plaintiff.

The declaration shows that the trial justice before whom the proceedings were had, which occasioned the damages complained of, had no jurisdiction, and his acts and doings were wholly null and void. *Buffum* v. *Ramsdell*, 55 Maine, 252; *Sidensparker* v. *Sidensparker*, 52 Maine, 481; *Gilbert* v. *Duncan*, 65 Maine, 469.

The counsel further elaborately argued the case contending that the fraud and perjury and subornation of perjury by the defendant, and the indecent haste of the proceedings, and the lamentable consequences, all occasioned heavy damages to the plaintiff, for which the law must afford relief, and this was a proper remedy.

*C. A. Bailey*, for the defendant, cited: *O'Brien* v. *Barry*, 106 Mass. 303; *Hamilburgh* v. *Shepard*, 119 Mass. 30; *Dunlap* v. *Glidden*, 31 Maine, 435; *Sayles* v. *Briggs*, 4 Met. 421; *Stewart* v. *Sonneborn*, 98 U. S. 187; *Burt* v. *Place*, 4 Wend. 591; *Cloon* v. *Gerry*, 13 Gray, 201; *Mellor* v. *Baddeley*, 6 C. & P. 374; S. C. 2 C. & M. 675; *Whitney* v. *Peckham*, 15 Mass. 243; *Ulmer* v. *Leland*, 1 Greenl. 135; *Witham* v. *Gowen*, 14 Maine, 362; *Payson* v. *Caswell*, 22 Maine, 226; *Parker* v. *Huntington*, 7 Gray, 36.

APPLETON, C. J. The plaintiff in his declaration, alleges that the defendant wickedly, maliciously intending and contriving to wrong and injure him, and without probable cause, on the eighth of October, 1877, made and swore to a complaint before David Norton, a trial justice, for the county of Penobscot, against his (plaintiff's) minor son, Ivory E. Severance, for unlawfully, wilfully and maliciously breaking, injuring and defacing a building or house of his (defendant's) without his consent; that said Norton issued upon said complaint, a warrant against his said son; that he was arrested, brought before said justice, tried by him, and found guilty upon the false and perjured testimony of the defendant and one Frederick Ray, whom the defendant had

suborned; that he was immediately on the twenty-third of October, 1877, sentenced by the magistrate before whom he was tried, to the Reform School, during his minority; that he remained there till he was discharged therefrom on April 14, 1879, and returned home and died. And the plaintiff further avers "that by reason of said false, wicked and malicious charges and complaint and warrant and trial thereon, and the sentence aforesaid, and the enforcement of said sentence, by reason thereof, and on account of and in consequence of said false and untrue charges, and evidence as hereinbefore set forth, he was greatly injured in his feelings and suffered the loss of the services and labor of his said minor son, and also lost his society and companionship, and was put to great trouble and expense in providing and caring for him, and his said son also suffered in reputation, mind and body, and his sickness and death were the results wholly induced and caused as aforesaid, all which have been and are an injury and damage to the plaintiff," &c.

To this the defendant demurred, and there was a joinder in demurrer.

The magistrate had jurisdiction. His judgment is in full force, and neither reversed nor annulled.

This would seem, so far as can be judged from the declaration, to be an action by a father for the malicious prosecution of a deceased son, the judgment rendered against the son remaining in full force. However groundless, malicious or destitute of probable cause the prosecution may have been, the son, if living, could not, in this state of facts, have maintained an action for the wrong done.

In an action for malicious prosecution, the plaintiff must show the fact of the prosecution and its termination in his favor. *Sayles* v. *Briggs*, 4 Met. 421. To sustain such suit, it must be averred and proved that there has been a failure of the proceedings against the plaintiff which constitute the ground of his complaint. *Stewart* v. *Sonneborn*, 98 U. S. 187. If the action is commenced while the malicious suit or a prosecution is pending, it cannot be maintained. *O'Brien* v. *Barry*, 106 Mass. 303; *Hamilburgh* v. *Shepherd*, 119 Mass. 31. In *Mellor* v. *Baddeley*, 2 C. & M. 675, it was held that a conviction unreversed, consti-

tuted a complete answer, as showing probable cause for instituting the prosecution. The declaration is fatally defective, unless it set forth the termination of the suit against the plaintiff and in his favor. *Davis* v. *Clough*, 8 N. H. 157.

It is alleged that the conviction of the son was procured by the perjured testimony of the defendant, and one Ray, whom he suborned. At common law, the perjury of a witness affords no ground of action. An action upon the case does not lie for perjury of a witness, whereby the plaintiff recovered less damages in trover. *Damport* v. *Simpson,* Cro. Eliz. 520. It does not lie by one party to a suit against his opponent for falsely swearing before an auditor, and thereby procuring a judgment. *Curtis* v. *Fairbanks*, 16 N. H. 543. Nor, for suborning a witness to swear falsely in another suit, whereby judgment was rendered against the plaintiff. *Smith* v. *Lewis*, 3 Johns. 157. In certain cases, this action for perjury is authorized by R. S., c. 82, § 124, but it applies only in civil suits.

Though the conviction of the son was unjust and was procured by fraud and perjury, and through a conspiracy to accomplish such purpose, an action is not maintainable while such conviction remains unreversed. *Dunlap* v. *Glidden*, 31 Maine, 435.

It is abundantly manifest that the plaintiff's son could not have maintained an action for malicious prosecution against the defendant, his conviction remaining unreversed and in full force. The fact of conviction would negative want of probable cause as against the son. This fact is of equal force as against the father. Indeed it is difficult to see upon what ground the father could maintain an action for a wrong done the son when the son could not—the wrong done the son being primary and immediate, while the injury done the father is secondary and consequential.

It will be seen by R. S., c. 142, § 3, that the magistrate had jurisdiction to impose the sentence imposed. But whether he had or not, the defendant is not shown in any way responsible for its imposition.

*Judgment for defendant.*

WALTON, BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.