**Howard GREENE, Plaintiff, Appellant,**

v.

**UNION MUTUAL LIFE INSURANCE COMPANY OF AMERICA, Defendant, Appellee.**

No. 84–1880.

United States Court of Appeals, First Circuit.

Argued March 8, 1985.

Decided June 6, 1985.

Marshall J. Tinkle, Portland, Me., with whom Thomas R. McNaboe and Thompson, McNaboe & Ashley, Portland, Me., were on brief for plaintiff, appellant.

Richard G. Moon, Portland, Me., with whom David E. Warren, Perkins, Thompson, Hinckley & Keddy and Ann H. Mohnkern, Portland, Me., were on brief for defendant, appellee.

Before BREYER and TORRUELLA, Circuit Judges, and SELYA,* District Judge.

* Of the District of Rhode Island, sitting by desig-

BREYER, Circuit Judge.

In April 1982, Union Mutual Life Insurance Company discharged its employee Howard Greene. Greene filed age discrimination charges with federal and state agencies. In April 1984, after conciliation efforts had failed, Greene sued the Company in federal court. The Company made a motion to dismiss Greene's entire complaint. Greene did not file his response to this motion on time. The court then dismissed the complaint, and it denied Greene's motions seeking reconsideration. 102 F.R.D. 598 (1984). Greene appeals the dismissal. As we read the record, the district court's decision to dismiss the entire complaint on the merits is without explanation in the record, gives the Company more than it asked for, and is legally erroneous. We therefore reverse the district court.

**I**

To understand our disposition of this case, one must have in mind the following procedural history:

a. On April 11, 1984, Greene filed his four count complaint, which alleged that the Company

   (I) violated federal age discrimination law;

  (II) violated state age discrimination law;

 (III) unlawfully breached its contract with Greene (by discharging him on grounds of age); and

 (IV) committed an unfair employment practice (consisting of age discrimination).

b. On May 23, 1984, the Company filed a "Motion to Dismiss and Strike." That motion, in essence, asked the court to do three things:

1. to dismiss counts III and IV (on the ground that the facts alleged made out no such violations of law);

2. to strike Greene's request for damages for "indignity, humiliation and suffering" (and certain other damages requests) from counts I and II

nation.

(on the ground that the particular damages requests were legally inappropriate because antidiscrimination laws do. not allow that sort of relief); and

3. "alternative[ly]," to dismiss counts I and II as barred by the statute of limitations (but adding that the Company·"reserves the right to bring this motion forward after further discovery has been completed.")

c. Sixteen days later, on June 8, the Company filed another motion, in which it drew the court's attention to local rule 19(c) —a rule that states:

Unless within 10 days after the filing of a motion the opposing party files a written objection thereto, he shall be deemed to have waived objection, and the court may act on the motion.

The Company asked the court, pursuant to that rule, "to enter an order dismissing Counts III and IV and striking" the paragraphs asking for inappropriate damages.

d. The same day—June 8—Greene filed a request for more time to respond.

e. That same day—June 8—the clerk of court sent counsel a notice stating that

Defendant's Motion to Dismiss has been GRANTED, for the court, by Regina Nappi Arnold, Deputy Clerk, pursuant to Local Rule 19(c) for the failure of Plaintiff to object to the motion in a timely manner.

f. Greene filed a request for reconsideration, arguing that he missed the ten day deadline through "excusable neglect." The court denied this request in a memorandum on August 8 explaining that it found no excusable neglect.

g. On August 8, the court clerk entered a judgment dismissing Greene's "action ... on the merits."

h. Greene then filed a motion to alter or amend the judgment on the ground that it reflected an obvious mistake: the defendant had not sought to dismiss the *entire* complaint. The court denied this motion without opinion.

## II

■ The court's decision to dismiss the entire case is legally erroneous. We have some reason to think the dismissal simply reflects clerical error. The defendant did not ask for total dismissal in its 19(c) motion. It asked only for the dismissal of counts III and IV and the striking of certain relief paragraphs from counts I and II. The clerk's letter of June 8 suggests that the court had granted only this specific 19(c) request, for the notice says that the court granted defendant's motion "pursuant to Local Rule 19(c)." Further, the court itself, in its August 8 memorandum· denying reconsideration, writes specifically, about defendant's motion to dismiss counts III and IV and the relief paragraphs; it nowhere refers to any request to dismiss *all* of counts I and II.

The single instance in which defendant mentions dismissal of counts I and II is in its original May 23 "Motion to Dismiss and Strike." But that motion says in the same place that defendant makes this request "in the alternative"; and the motion explicitly "reserves the right to bring the motion [to dismiss counts I and II] forward after further discovery." 'The motion also says that this request rests upon expiration of the statute of limitations; and the motion makes clear that defendant does not yet have available information showing that the statute has run. *Compare Richards v. Mileski*, 662 F.2d 65, 73 (D.C.Cir.1981) ("There is an inherent problem in using a motion to dismiss for purposes of raising a statute of limitations defense."), *with Delman v. Federal Products Corp.*, 136 F.Supp. 241, 243 (D.R.I.1955) (defense of limitations may be raised by motion to dismiss if it appears on the face of the complaint that the action is barred). The defendant's accompanying 26 page memorandum supporting the motion does not mention dismissal of these counts, nor does it argue the statute of limitations point.

■ Whether or not complete dismissal reflects an unintended clerical mistake, the court's refusal to reconsider the matter and

reinstate counts I and II is error. Given the most natural interpretation of defendant's May 23 motion, defendant did not *then* seek dismissal of counts I and II; Rule 19(c) gives the court only the power to "act on the motion" that a party has made; thus the court was without power to dismiss those two counts. *Cf.* Fed.R.Civ.P. 54(c) (limiting default judgment to terms of demand for judgment); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 2662 (defaulting defendant may have relied on relief requested in demand for judgment) (1983). To find that the court has legal power to dismiss under Rule 19(c), one would have to read the May 23 motion unnaturally, as requesting complete dismissal "now." To read the motion this way, however, requires such distortion that the motion, together with the later filed papers, at a minimum fails to give fair notice to the plaintiff that dismissal of the entire suit was a possibility. Given this lack of notice, *cf. Witt v. United States,* 681 F.2d 1144, 1149 (9th Cir.1982), the fairly brief "tardiness" (six days) in filing a response, the absence of any prejudice caused by delay, and the absence of any legal basis for dismissal (other than the lateness in responding), dismissal of the entire complaint (and refusal to reinstate counts I and II) is well beyond the district court's power. *See Denman v. Shubow,* 413 F.2d 258, 259 (1st Cir.1969); *see also, e.g., Ellingsworth v. Chrysler,* 665 F.2d 180, 185 (7th Cir.1981) (warning against using dismissal as sanction for a minor error); *Harding v. Federal Reserve Bank of New York,* 707 F.2d 46, 50 (2d Cir.1983) and authorities cited there (same in respect to Fed.R.Civ.P. 41).

### III

The court's decision to dismiss (and not to reinstate) counts III and IV and certain of the relief paragraphs in counts I and II is a different matter. The district court, when considering plaintiff's request for reinstatement, viewed plaintiff's motion as if made under Fed.R.Civ.P. 60(b)(1), which says that

the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect....

Since the district court should not have dismissed the *entire* case, it should not have entered any "final judgment." Consequently, plaintiff ought not to have had to ask for relief from a "final judgment"; and Rule 60(b) ought not to have applied. Rather, plaintiff's motion to reinstate counts III and IV (and the relevant relief paragraphs) should have been viewed as a routine request for reconsideration of an interlocutory district court decision dismissing *portions* of a complaint. Such requests do not necessarily fall within any specific Federal Rule. They rely on "the inherent power of the rendering district court to afford such relief from interlocutory judgments ... as justice requires." *Dow Chemical, USA v. Consumer Product Safety Commission,* 464 F.Supp. 904, 906 (W.D.La.1979). *See John Simmons Co. v. Grier Brothers Co.,* 258 U.S. 82, 90–91, 42 S.Ct. 196, 199, 66 L.Ed. 475 (1922); *Campos v. Puerto Rico Sun Oil Co.,* 536 F.2d 970, 976 n. 6 (1st Cir.1976); *United States v. Jerry,* 487 F.2d 600, 605 (3d Cir.1973); *Hodgson v. United Mine Workers of America,* 473 F.2d 118, 125–26 n. 38 (D.C.Cir.1972); 11 C. Wright & A. Miller, *Federal Practice and Procedure* (Civil) § 2852 (1973). *See also Notes of Advisory Committee on Rules,* Fed.R. Civ.P. 60(b) ("[I]nterlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief as justice requires."); *cf.* Fed.R.Civ.P. 54(b).

The matter is significant for two reasons. First, the district court, having been led to Rule 60(b) by appellant's use of 60(b)'s words "excusable neglect" in his motion, then relied upon the fact that a party asking for relief from a judgment under Rule 60(b) typically must shoulder a fairly heavy burden. *See Spound v. Mohasco Industries Co.,* 534 F.2d 404, 411 (1st Cir.1976)

("Excusable neglect calls for 'circumstances that are unique or extraordinary.'"); *Airline Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc.,* 569 F.2d 1174 (1st Cir.1978); *Pinero Schroeder v. Federal National Mortgage Association,* 574 F.2d 1117 (1st Cir.1978); *Picucci v. Town of Kittery,* 101 F.R.D. 767 (D.Me.1984). The district court here said that where "the failure to act arises from the neglect of the counsel charged to act, some extraordinary circumstance must be proved to justify excuse of such neglect"; and, it found no such extraordinary circumstance.

Second, the merits of plaintiff's request seem to us to present a close question. On the one hand, plaintiff properly points to two factors that favor reinstatement. He filed his response (asking for more time) only six days late; and, defendant suffered no prejudice as a result of the late filing. On the other hand, plaintiff's lawyer, Thomas McNaboe, had no excuse for the late filing. The defendant told him about the May 23 motion before its filing; it sent the motion to McNaboe's office on time; McNaboe saw the motion before the 19(c) deadline ran; McNaboe is a practicing Maine attorney presumably aware of the local rules. The district court reasonably found that McNaboe's explanations—that he was on "quasi-vacation," that he "misunderstood" defendant's counsel, that his office procedures broke down—simply demonstrate neglect; they do not excuse it. Further, plaintiff remains free to proceed with his basic claim—age discrimination—under the two most appropriate statutes. His counsel seemed confident, at oral argument here, that the claims will survive any statute of limitations challenge.

Under these circumstances, we believe the district judge is in the best position to assess whether or not "justice requires" vacating the dismissal order as to counts III and IV. Since the district court applied the wrong (i.e., Rule 60(b)) criteria in denying the request for reconsideration, we remand so that the court below may reconsider plaintiff's motion to reinstate the dismissed counts III and IV and the relief portions of counts I and II, applying an appropriate "interests of justice" standard.

## IV

The plaintiff has succeeded on this appeal in having his basic claim reinstated. Nonetheless, the procedural confusion, the need for the appeal, the added time and expense, flow directly from his failure to comply with the district court's rules. In light of that fact, we believe it fair to assess costs personally against plaintiff's attorney, Thomas McNaboe. Fed.R.App.P. 39(a); 28 U.S.C. §§ 1920, 1927.

*Vacated and remanded for proceedings consistent with this opinion.*