**Robert D. SPICKLER, Plaintiff,**

v.

**Roger P. DUBE, et al., Defendants.**

**Civ. No. 84–0059 P.**

United States District Court,
D. Maine.

Jan. 22, 1986.

Robert D. Spickler, pro se.

Harrison L. Richardson, John W. Chapman, Richardson, Tyler & Troubh, Portland, Me., for defendants.

### MEMORANDUM AND ORDER AFTER REMAND

GENE CARTER, District Judge.

On August 10, 1984, Defendants Levenson's motions to dismiss and for sum-

---

mary judgment were granted pursuant to Local Rule 19(c) when Plaintiff failed to object to the motions within the prescribed period. After this Court denied reconsideration of its decision, Plaintiff's claims against Defendants Levenson were dismissed. Plaintiff's claims against Defendant Dube had been dismissed on May 29, 1984, after this Court had accepted the decision of the United States Magistrate recommending dismissal. Plaintiff appealed the dismissals and the Court of Appeals for the First Judicial Circuit dismissed the appeal as premature. The Court of Appeals noted that the decision from which appeal was taken was not a final judgment as there remained outstanding an unadjudicated counterclaim filed by the Levensons against the Plaintiff on which the Court had not acted and as to which no dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(ii) had been accomplished.[1] The Court of Appeals, 774 F.2d 1149, remanded the case indicating that this Court should use the "interests of justice" standard recently enunciated in *Greene v. Union Mutual Life Insurance Company of America*, 764 F.2d 19, 22 (1st Cir.1985), to reevaluate its September 13, 1984 Order denying reconsideration.

In *Greene*, the Court of Appeals suggested several factors that might be considered by the Court in assessing where the interests of justice lie on a motion for reconsideration like the instant one, which seeks to have an untimely filing excused. These include: egregiousness of the lateness, prejudice caused to the moving party by the delay, and proffered excuse for the delay. *Greene* at 23.

Plaintiff here, like the plaintiff in *Greene*, was only a few days late in responding to Defendants' motions. In fact, he responded immediately upon learning that the motions had been granted. Although Plaintiff clearly violated Rule 19(c), the violation was not egregious. The short delay occasioned no prejudice to Defendants. As in *Greene*, both of these factors

weigh in favor of the motion. In *Greene*, Plaintiff's counsel could offer no real excuse for the delay. He cited office procedure failures, misunderstandings between counsel, and his quasi vacation, all of which served to demonstrate rather than excuse the neglect. *Id.* Here, in contrast, Plaintiff asserted in his motion for reconsideration that he was confused about the interrelationship between Local Rule 19(c) and Fed.R.Civ.P. 56, which specifically mentions the timing of filing of opposing affidavits in relation to the date of a hearing. This contention was not elaborated upon and the Court at that time did not find that Plaintiff had presented a reasonable excuse. Shortly thereafter, however, the Court had occasion to consider, after fully developed argument, the relationship between the rules. In *McDermott v. Lehman*, 594 F.Supp. 1315 (D.Me.1984), this Court determined that there was indeed some conflict between the rules and established a procedure reconciling them. *Id.* Thus, although it was not fully articulated, Plaintiff's reason for the late filing of his response to the motion was not without some merit. The Court finds, therefore, that in the interests of justice, Plaintiff's claims against the Levensons should be reinstated and the motions for summary judgment and to dismiss addressed on their merits.

*Factual and Procedural Background*

In 1973 Plaintiff purchased R.D. Realty Corp. and land held by that company from Defendant Dube. Plaintiff paid $30,000 and executed four notes for the balance of the purchase price. The notes were secured by mortgages on the land. Plaintiff developed the land and was prepared to sell it, but Dube refused to release the mortgages, claiming R.D. Realty had defaulted in its mortgage payments. R.D. Realty brought an action in Maine Superior Court against Dube for breach of contract and Dube counterclaimed for default. At trial Defendant introduced a demand letter from

---

[1]. The Court notes that Defendants Levenson filed a voluntary dismissal of the counterclaim the day after Plaintiff filed his appeal.

Dube to Plaintiff dated September 2, 1982. Plaintiff testified that he had never seen the letter. The jury found for Dube on both claims.

Plaintiff brought a Rule 59 motion for a new trial, supported by affidavits and exhibits. The motion alleged that Defendants' exhibit 19, the demand letter, was a false writing and therefore fabricated evidence. The motion was denied by the trial court without a hearing on the grounds that

> [t]he material sought to be considered now was addressed by the parties at trial. Part is privileged and part cumulative.
>
> The jury had the testimony of Mr. Spickler re the letter of September 2, 1974, for consideration in opposition to Mr. Dube's testimony. The matter was available for the jury's consideration.

Ruling by Justice Sumner Goffin, December 13, 1982.

The Maine Supreme Judicial Court affirmed the denial of the Rule 59 motion stating: "The record supports a conclusion that any alleged falsity of Defendant's Exhibit # 19 could have been discovered before trial if Spickler had exercised due diligence.... Moreover, the record indicates that such evidence was 'merely cumulative or impeaching'." *Spickler v. Dube,* 463 A.2d 739, 740 (Me.1983). The Law Court specifically distinguished the Rule 59 motion that had been brought by Plaintiff from a Rule 60(b)(3) motion for relief from judgment on the grounds of fraud of an adverse party. The Court stated: "This ruling neither prohibits nor prevents Spickler from asserting fraud in a Rule 60(b) motion so long as it is filed within one year of judgment." *Id.* at 741.

Two days after the Law Court issued its opinion, Plaintiff filed a motion in state court under Me.R.Civ.P. 60(b)(3) for relief from judgment, alleging that Dube had willfully and purposefully presented false evidence in the case. On November 11, 1983, Plaintiff's motion to withdraw his Rule 60(b)(3) motion was granted without prejudice.

In February 1984 Plaintiff filed this diversity action seeking damages from Dube and his attorneys, Mayo and Alan Levenson, "as a result of [the] jury verdict" based upon the alleged fabricated exhibit in state court. The complaint was amended to seek relief from judgment. Defendant Dube moved to dismiss the complaint for failure to state a claim and, as noted above, this Court granted the motion. The claims made against the Levensons are substantially the same as those made against Dube. Defendants Levenson have moved for summary judgment, arguing that since identical allegations of fraud have already been decided in Dube's motion to dismiss, Plaintiff should be collaterally estopped from relitigating the issues against the Levensons. Because it now realizes that its Order dismissing Plaintiff's case against Dube was erroneous, the Court declines to use it to bar Plaintiff's current claim.

### Discussion

■ The Magistrate determined, and this Court accepted the determination, that under Maine law Plaintiff's claim for money ·damages against Defendant Dube failed to state a claim. The Magistrate relied on *Dunlap v. Glidden,* 31 Me. 435, 437 (1850), in which the Law Court held that an independent action may not be brought to recover damages arising out of a judgment allegedly based on false testimony.

The Court of Appeals pointed out that a current Maine statute, 14 M.R.S.A. § 870, first enacted in 1864, does permit such an action. That statute provides:

> When a judgment has been obtained against a party by the perjury of a witness introduced at the trial by the adverse party, the injured party may, within 3 years after such judgment or after final disposition of any motion for relief from the judgment, bring an action against such adverse party, or any perjured witness or confederate in the perjury, to recover the damages sustained by him by reason of such perjury; and the judgment in the former action is no bar thereto.

The Law Court has acknowledged the possibility of such a statutory action in civil cases since at least 1882. *See Severance v. Judkins,* 73 Me. 376, 379 (1882). Although neither party mentioned the statute in the proceedings before the Magistrate or in the papers addressing the objections to the Magistrate's recommendation, it is plain that it and not *Dunlap* was the controlling law.

It is also apparent that Spickler, the plaintiff here, is an injured party able to invoke the remedy set forth in the statute. Although not an original plaintiff, Spickler and his wife were added as plaintiffs during the course of the litigation in Maine Superior Court. Thus, the judgment there was entered against them. Spickler, his wife, and children were the only shareholders of R.D. Realty, the company whose mortgages were held by Dube. The judgment entered in Superior Court established R.D. Realty's default on the mortgages, and allowed Dube to proceed on foreclosure of his mortgages against R.D. Realty "and/or proceed on the guarantees of Robert Spickler as appropriate." Judgment, December 9, 1983. In the current complaint, Plaintiff alleges that he, as opposed to R.D. Realty, incurred damages as a result of the judgment in the previous case. The Court finds that he is an injured party within the meaning of 14 M.R.S.A. § 870.[2]

Defendant has argued that Plaintiff is collaterally estopped to relitigate the issues decided by the Magistrate. The "general rule of issue preclusion, however, is that if an issue of fact or law was actually litigated and determined by a valid and final judgment, the determination is conclusive *in a subsequent action* between the parties." C. Wright, *Law of Federal Courts* 682 (1983) (emphasis added). Since this is the same action as that in which the claims against Dube were dismissed, the doctrine of collateral estoppel is not applicable. Rather, the rulings of the Magistrate, as

accepted by this Court, establish the "law of the case." This Court does not shrink from abandoning the law of the case, however, when that rule has been shown to be wrong. See *McCann v. Royal Indemnity Co.,* Civ. No. 80–0059–P (May 16, 1984). Thus, the Magistrate's ruling on Dube's motion to dismiss is not a bar to this action against the Levensons.

Defendants also try to raise the state court litigation as a bar to this action, arguing that the issue of the falsity of Exhibit 19 has already been determined. Section 870, however, provides specifically that "the judgment in the former action is no bar" to the action contemplated in that section.

██ Plaintiff further alleges that the Levensons have worked a fraud on the Court by either aiding or initiating the presentation of the allegedly false document. The Magistrate allowed Plaintiff to amend his complaint to seek relief from the state court judgment as well as damages. Setting aside a judgment for fraud on the Court is an extraordinary remedy, warranted when officers of the court have been implicated in practices that undermine the integrity of the court. *See Hazel Atlas Glass Co. v. Hartford Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed.2d 1250 (1944). However, as the Magistrate determined on Dube's Motion to Dismiss, the federal anti-injunction statute, 28 U.S.C. § 2283, prohibits a federal court from enjoining the enforcement of or setting aside of a state court judgment, even if that judgment has been obtained by fraud. *Warriner v. Fink,* 307 F.2d 933 (5th Cir. 1962), *see also Furnish v. Board of Medical Examiners,* 257 F.2d 520 (9th Cir.1958); C. Wright, A. Miller & E. Cooper, 17 *Federal Practice and Procedure* § 4223 at 326 (1978). Since this is an inappropriate forum which could not afford the relief sought, Plaintiff's claim to set aside the judgment for fraud on the Court must be dismissed.

---

**2.** The motion now before the Court does not address in any respect the judgment rendered in favor of Defendant Dube on his motion to dis-

miss. A separate motion must be made for the Court to reconsider that judgment.

Accordingly, it is ORDERED that the Court's previous order in this case dismissing Plaintiff's claims against the Levensons is hereby VACATED. It is FURTHER ORDERED, on reconsideration, that the Motion to Dismiss of Defendants Levenson is DENIED to the extent that it seeks to dismiss Plaintiff's claim for damages for a judgment allegedly based on false testimony. The motion is GRANTED to the extent that it seeks to dismiss Plaintiff's claim to set aside the judgment rendered against him in the state courts.