850 F.2d 689
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leo M. MULLEN, M.D., Plaintiff-Appellant,
v.
Robert H. McWILLIAMS; Robert Maxwell, Hon.; Robert R.
Skinner; Herbert Underwood; Frank E. Simmerman;
Gary W. Nickerson, d/b/a Steptoe &
Johnson, Defendants-Appellees.
Leo M. MULLEN, M.D., Plaintiff-Appellant,
v.
Robert B. SKINNER, Defendant-Appellee,
and
Douglas S. Rockwell, Defendant.
 Nos. 88-2046, 88-2047.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 26, 1988.
Decided: June 29, 1988.
 
 Leo M. Mullen, M.D., appellant pro se.
 Robert H. McWilliams; Gary W. Nickerson (Steptoe & Johnson), Herbert G. Underwood, for appellees.
 Before WIDENER and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Leo M. Mullen appeals from a district court order denying motions he filed in two of his district court cases and imposing partial sanctions pursuant to Fed.R.Civ.P. 11. For the reasons stated below we affirm the district court's decision in No. 88-2047 and dismiss No. 88-2046 for lack of jurisdiction.
 
 
 2
 In No. 88-2047 the district court entered a final judgment disposing of the case on 28 December 1984; this Court affirmed that decision in Mullen v. Skinner, No. 85-1104 (4th Cir. May 13, 1985) (unpublished). On 17 October 1986 Mullen filed a motion which the district court construed as one filed pursuant to Fed.R.Civ.P. 60(b). After a hearing before a magistrate at which Mullen failed to produce any evidence to support his claims of improper judicial and attorney conduct, the district court denied the motion as frivolous and not made in good faith. The district court, having found a Fed.R.Civ.P. 11 violation, imposed sanctions. On review, we find no abuse of discretion in either the district court's denial of Rule 60(b) relief or the district court's imposition of partial Rule 11 sanctions. United States v. Williams, 674 F.2d 310 (4th Cir.1982); Cabell v. Petty, 810 F.2d 463, 466 (4th Cir.1987).
 
 
 3
 In No. 88-2046, the district court stayed proceedings in the case by order of 18 February 1987. On 18 January 1988 Mullen filed a motion seeking relief pursuant to Fed.R.Civ.P. 60(b). The district court denied this motion and Mullen appealed. Under 28 U.S.C. Sec. 1291 this Court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Because no "final judgment" was entered in the case, Mullen ought not to have filed his motion pursuant to Rule 60(b). While denial of Rule 60(b) relief is ordinarily appealable, Rule 60(b) is not available prior to entry of judgment. That the district court purported to deny Rule 60 relief prior to entry of a judgment does not change this conclusion. Greene v. Union Mutual Life Ins. Co., 764 F.2d 19 (1st Cir.1985).
 
 
 4
 We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 5
 No. 88-2046--DISMISSED.
 
 
 6
 No. 88-2047--AFFIRMED.