14 F.3d 44
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
ST. HILAIRE & ASSOCIATES, INC., D/B/A Corso Electric Co., Et
Al., Plaintiffs, Appellants,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, ETC., ET AL.,
Defendants Appellees.
 No. 93-1648.
 United States Court of Appeals,
First Circuit.
 January 19, 1994
 
 Appeal From The United States District Court For the District of New Hampshire
 Gray H. Reiner, Reiner and Bouffard on brief for appellants.
 Ricky L. Brunette, Law Office of Susan J. Szwed on brief for appellees.
 D.N.H.
 VACATED AND REMANDED
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant, St. Hilaire & Associates, Inc., D/B/A Corso Electric Co., and Albert St. Hilaire, appeal the dismissal of their action against the Federal Deposit Insurance Corporation [FDIC], as receiver for Numerica Bank, Federal Savings Bank [Numerica], and the Resolution Trust Corporation [RTC], as conservator for Homebank Federal Savings Association [Homebank FSA]. We vacate the dismissal and remand to the district court for further proceedings.
 
 
 2
 We take the following facts from the record, accepting the facts pleaded in the complaint as true. In 1987 or 1988, Albert St. Hilaire [St. Hilaire], president of St. Hilaire, Inc. [the corporation], sought financing from Numerica Bank of Manchester, New Hampshire. Subsequently, officers and agents of Numerica indicated to St. Hilaire that they had transferred to Homebank, Federal Savings Bank [Homebank FSB], a fully owned subsidiary of Numerica. They also requested that he allow them to transfer the financing arrangements for the corporation to Homebank FSB as well. St. Hilaire agreed, and in 1988, financing totalling approximately $450,000 was provided by Homebank FSB. In 1991, Homebank FSB refused to extend further credit to the corporation, and, as a result, the corporation was forced to cease business operations.
 
 
 3
 Effective October 10, 1991, Numerica was declared insolvent and the FDIC was appointed receiver. Homebank FSB was closed on the same date. The RTC was appointed receiver of Homebank FSB. In its capacity as receiver, the RTC entered into a Purchase and Assumption Agreement with Homebank FSA, whereby essentially all of the assets and some of the liabilities of Homebank FSB were transferred to Homebank FSA. Among the assets transferred were the St. Hilaire notes. The RTC was appointed conservator of Homebank FSA.
 
 
 4
 In 1992, the RTC as conservator of Homebank FSA brought suit against the corporation and against St. Hilaire in the United States District Court for the District of Maine seeking collection of the notes. In their answer to the complaint, St. Hilaire and the corporation raised various affirmative defenses. St. Hilaire asked, in particular, that, if he were found personally liable on the note, he be allowed to set off any claims which he would have against the Numerica and Homebank as a result of administrative claims which he had already initiated pursuant to 12 U.S.C. Sec. 1821(d). On October 23, 1992, the court granted summary judgment to the RTC and found St. Hilaire personally liable.
 
 
 5
 On October 5, 1992, St. Hilaire and the corporation initiated the instant suit in the United States District Court for the District of New Hampshire. The complaint seeks damages from the FDIC as receiver of Numerica and against the RTC as conservator of Homebank FSA for breach of an implied covenant of good faith and fair dealing; for violation of a joint venture agreement; and for breach of an oral contract. The RTC as conservator filed a motion to dismiss alleging that appellants had failed to file a claim under the administrative claims process prior to commencing suit and that, therefore, the federal court was without jurisdiction to hear the claim pursuant to 12 U.S.C. Sec. 1821(d)(13)(D). The RTC also sought dismissal on the grounds of res judicata. The district court dismissed the entire case on the ground of lack of jurisdiction. It did not address the issue of res judicata.
 
 
 6
 As the FDIC notes in its brief, "[t]his appeal comes to this Court in a state of procedural confusion." First, the FDIC advises this court that it never moved for dismissal below. Not only should the district court not have dismissed the complaint against the FDIC without such a motion, see Greene v. Union Mut. Life Ins. Co., 764 F.2d 19, 21-22 (1st Cir. 1985), but the FDIC also admits that it is not entitled to such relief since appellants did file an administrative claim with the FDIC. The claim was denied and hence is properly before the district court. 12 U.S.C. Sec. 1821(d)(6)(A).
 
 
 7
 Second, the RTC as conservator now concedes that the ground on which its motion to dismiss was granted was improper. 12 U.S.C. Sec. 1821(d)(13)(D) limits the jurisdiction of federal courts to those parties who have exhausted their administrative remedies as regards claims against the RTC as receiver. Since appellants in the instant case have sought relief only against the RTC in its capacity as conservator, the court erred in granting dismissal for failure to exhaust administrative remedies.[1]
 
 
 8
 The RTC now asks this court to affirm the dismissal on the alternate ground of res judicata. The essential elements of res judicata are a final judgment on the merits in an earlier action between identical parties or their privies and an identity of causes of action in the earlier and later suits. See, e.g., Kale v. Combined Ins. Co., 924 F.2d 1161, 1165 (1st Cir), cert. denied, 112 S.Ct. 69 (1991). The decision by the United States District Court of the District of Maine is clearly a final judgment between the RTC as conservator and the appellants.
 
 
 9
 However, we think it is unwise to attempt to determine the res judicata issue in the first instance. It was not addressed by the district court and has not been extensively briefed in this court. Accordingly, we vacate the dismissal as to the RTC without prejudice to its right to assert the res judicata defense on remand in the district court.
 
 
 10
 The order dismissing the action against the FDIC and against the RTC is vacated and the case is remanded for further proceedings. No costs.
 
 
 
 [1]
 Appellants do not appear to accept this concession since they continue to argue that they in fact did exhaust their administrative remedies