## OUR LADY OF THE LAKE HOSPITAL, INC.

v.

## CARBOLINE COMPANY.

Civ. A. No. 93–643–B.

United States District Court, M.D. Louisiana.

March 8, 1994.

Eugene R. Groves and William Luther Wilson, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, for plaintiff.

Paul H. Spaht and Richard Dale Moreno, Kantrow, Spaht, Weaver & Blitzer, Baton Rouge, LA, for defendant.

## RULING ON PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on the plaintiff's motion to remand. For reasons which follow, the Court finds that the motion should be granted.

Our Lady of the Lake Hospital, Inc. (OLOL) originally sued Carboline Company (Carboline) in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana. On July 21, 1992, the state court dismissed OLOL's action against Carboline.

On December 29, 1993, the Louisiana First Circuit Court of Appeal reversed the state district court and remanded the first suit for further action by the state district court. *Our Lady of Lake Hosp., Inc. v. Carboline Company, et al.,* 632 So.2d 339 (La.App. 1st Cir.1993).

One year later, OLOL again sued Carboline in the Nineteenth Judicial District Court. OLOL sought to have the state court's previous judgment between OLOL and Carboline declared null because of fraud or other ill practices of Carboline. Specifically, OLOL contended that Carboline withheld relevant documents and information from OLOL and

the state court in violation of Louisiana Civil Code article 2004. Carboline timely removed this second action to federal court citing 28 U.S.C. § 1332 as a basis for subject matter jurisdiction. OLOL then filed the pending motion to remand.

 In *Barrow v. Hunton*,[1] the United States Supreme Court held that a federal district court may not exercise removal jurisdiction over a suit that seeks to set aside a prior state court judgment if the removed suit "is a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it."[2] In *Beighley v. Federal Deposit Insurance Corporation*,[3] the Fifth Circuit Court of Appeals reaffirmed the holding of *Barrow*, and found that the rule of *Barrow* applies to an action in federal court seeking to nullify the judgment of a prior state court suit.[4]

After reviewing the record, the Court finds that OLOL's present action is so connected to OLOL's first suit in state court as to form a continuation of the same litigation. Thus, under the United States Supreme Court's holding in *Barrow* and the Fifth Circuit's holding in *Beighley*, this Court may not exercise removal jurisdiction over OLOL's suit seeking to set aside the previous ruling of the state court.

The Court further finds that since the Louisiana First Circuit Court of Appeal has remanded the first suit back to state district court for further proceedings on OLOL's allegations that evidence was withheld, this second suit may even be moot. Thus, the Court finds that the plaintiff's motion to remand should be granted and this suit remanded pursuant to 28 U.S.C. § 1447(c).[5]

Therefore, IT IS ORDERED that the plaintiff's motion to remand be and it is hereby GRANTED. This action shall be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Judgment shall be entered accordingly.

---

1. 99 U.S. 80, 25 L.Ed. 407 (1879).

2. *Barrow*, 99 U.S. at 82.

3. 868 F.2d 776 (5th Cir.1989).

4. *Beighley*, 868 F.2d at 781; *see also Warriner v. Fink*, 307 F.2d 933, 936 (5th Cir.1962) ("In the light of the anti-injunction statute, 28 U.S.C.A. § 2283, and of a number of decisions of the Supreme Court ... we hold that the federal district court had no jurisdiction ... to set aside, or hold null and void the decree" of the state court.); *FDIC v. Taylor*, 727 F.Supp. 326, 328–29 (S.D.Tx.1989); *Spickler v. Dube*, 626 F.Supp.

1092, 1095 (D.Me.1986) ("[T]he federal anti-injunction statute, 28 U.S.C. § 2283, prohibits a federal court from enjoining the enforcement of or setting aside of a state court judgment, even if that judgment has been obtained by fraud.")

5. Although the existence of removal jurisdiction may depend upon substantive matters, the absence of removal jurisdiction is a procedural defect for the purposes of section 1447(c); *Hopkins v. Dolphin Titan Intern., Inc.* 976 F.2d 924, 926 (5th Cir.1992); *In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir.1992).