**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
BENOIT BROOKENS, et al.,      )
                              )
        Plaintiffs,           )
                              )
        v.                    )   Civil Action No. 12-502 (RWR)
                              )
UNITED STATES OF AMERICA,     )
et al.,                       )
                              )
        Defendants.           )
_____)
```

<u>**MEMORANDUM ORDER**</u>

Plaintiffs Benoit Brookens and Mary Todd filed this action asserting claims under 42 U.S.C. § 1983 and the common law against the District of Columbia, the United States Attorney for the District of Columbia and numerous other defendants in connection with Brookens's arrest and prosecution for criminal contempt for violating an order that prohibited Brookens from practicing law or holding himself out as a lawyer in the District of Columbia. A memorandum opinion and order issued in October 2013 ("October Order") dismissed all of the plaintiffs' claims except for those alleged against individual Metropolitan Police Department ("MPD") Officers in the Fourth, Sixth, and Seventh Causes of Action. See <u>Brookens v. Dist. of Columbia</u>, 981 F. Supp. 2d 55 (D.D.C. 2013). The plaintiffs now move to alter or amend the October Order, alleging that it misapplied applicable law. Plaintiffs have failed to demonstrate that

justice requires reconsideration of the October Order, and their motion will be denied.

A motion for reconsideration of an interlocutory order is governed by Rule 54(b) of the Federal Rules of Civil Procedure. Cobell v. Norton, 224 F.R.D. 266, 271 (D.D.C. 2004); see also Fed. R. Civ. P. 54(b). That rule provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Rule 54 recognizes the inherent power of the court to reconsider an interlocutory order "as justice requires." Capitol Sprinkler Inspection v. Guest Servs., 630 F.3d 217, 227 (D.C. Cir. 2011) (quoting Green v. Union Mut. Life Ins. of Am., 764 F.2d 19, 22-23 (1st Cir. 1985)); United States ex rel. Westrick v. Second Chance Body Armor, 893 F. Supp. 2d 258, 268 (D.D.C. 2012). A court has wide latitude in exercising its discretion to determine whether justice requires reconsideration. Cobell, 224 F.R.D. at 272-73. For example, justice may require reconsidering an interlocutory order where the court has patently misunderstood a party, made a decision beyond the adversarial issues presented, or erred in failing to consider controlling decisions or data, or where a controlling or significant change in the law has occurred. Cobell, 224 F.R.D. at 272; see also Arias v. DynCorp, 856 F. Supp. 2d 46, 51 (D.D.C. 2012). "However, in order to promote finality, predictability

and economy of judicial resources, 'as a rule [a] court should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" Pueschel v. Nat'l Air Traffic Controllers' Ass'n, 606 F. Supp. 2d 82, 85 (D.D.C. 2009) (quoting Lederman v. United States, 539 F. Supp. 2d 1, 2 (D.D.C. 2008)). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." Pueschel, 606 F. Supp. 2d at 85.

The plaintiffs first argue that the October Order incorrectly applied the law in dismissing their claim against the District of Columbia defendants to the extent it alleges an equal protection claim under the Fourteenth Amendment. However, they acknowledge that the October Order correctly observes that the Fourteenth Amendment applies only against the states and not against the District of Columbia. They also ignore that the claim was dismissed also because the plaintiffs failed to plead any facts showing that they were deprived of equal protection by a custom or policy of the District of Columbia. Plaintiffs have not shown that justice requires revisiting that decision.

The plaintiffs also request that

> [t]his Court . . . reconsider its erroneous
> determination that the Defendants -- can "waive
> service" and defend the case on the merits -- or its
> can "defend" on "Lack of Personal Service." This Court,

> as a matter of Law, mis-interpreted FRCP 12(b)(6) and 12(b)(1). This Court, in its consideration of this matter, is requested to draw from <u>Bolling v. Sharpe</u>, which it so poignantly cited in its order, and applicable to the duties and responsibility of the Federal Government. Attorney Cynthia Wright, under her D.C. State Government authority, of the D.C. Court Appeals used her position, as a Federal law enforcement official, U.S. Attorney for the District of Columbia, and with her ability to command the police powers of the Federal and D.C. Government, to arrest Mr. Brookens and Attorney Todd, in Mr. Brookens residence -- without a "Search Warrant" is plead, as discriminatory purpose.

Pls. Mot. at 2-3. A charitable construction of this unclear request is that it seeks reconsideration of the portion of the October Order that concluded that the plaintiffs conceded the substantive arguments the federal defendants raised since the plaintiffs failed to address those arguments, and that dismissed the plaintiffs' claims against the federal defendants. See <u>Brookens</u>, 981 F. Supp. 2d at 62. The plaintiffs have not provided any justifiable reason for failing to substantively respond to those arguments in their opposition to the defendants' motion to dismiss, nor have they substantively responded to those arguments in this motion. As justice does not require reconsidering the October Order, it is hereby

ORDERED that the plaintiffs' motion [25] for reconsideration be, and hereby is, DENIED. It is further

ORDERED that the parties confer and file by April 3, 2015, a joint status report and proposed order reflecting three mutually

agreeable dates on which to hold an initial scheduling conference.

SIGNED this 24th day of March, 2015.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge