**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MAKEL BARNES, *et al.*,

    *Plaintiffs,*

v.

THE DISTRICT OF COLUMBIA, *et al.*,

    *Defendants.*

Case No. 1:24-cv-00750-RCL

## MEMORANDUM OPINION

Plaintiffs, who are currently incarcerated in Bureau of Prisons ("BOP") facilities serving sentences for D.C. Code felony convictions, allege that Defendants BOP and the District of Columbia have denied them special education services in violation of the Individuals with Disabilities in Education Act ("the IDEA") and the Due Process Clause. Before the Court is Plaintiffs' Motion to Clarify the Appointment of Class Counsel, Mot. to Clarify, ECF No. 60 ("Mot."), through which they ask the Court whether only the School Justice Project ("SJP") may serve as class counsel in this case, or whether the Washington Lawyers' Committee for Civil Rights and Urban Affairs ("the Committee") and Nixon Peabody LLC ("Nixon Peabody") may represent class members too. BOP has taken no position on the motion, but the District opposes it. The motion will be **GRANTED IN PART** to the extent it seeks an order formally appointing SJP as class counsel and permitting the Committee and Nixon Peabody to assist class counsel in the manner set forth herein, and **DENIED IN PART** insofar as it seeks appointment of the Committee and Nixon Peabody as class co-counsel.

## I. BACKGROUND

The Court has previously recounted the facts underlying this dispute. *See Barnes v. District of Columbia,* No. 24-cv-00750-RCL, 2025 WL 947684, at *1–5 (D.D.C. Mar. 28, 2025). The

1

("DCPS") system and was determined by DCPS to qualify for specialized instruction and behavioral support services. *Id.* ¶¶ 45–47, 50, 71, 75–76.

On February 21, 2023, Plaintiffs filed administrative complaints alleging that the District and BOP were each denying them a FAPE while incarcerated. *See id.* ¶¶ 12; *id.* Ex. A at 11, ECF No. 5-1 ("Barnes HOD"); *id.* Ex. B. at 11, ECF No. 5-2 ("McNeal HOD"). They each sought extended IDEA eligibility, compensatory services, and a transfer to a D.C. correctional facility. *See* Barnes HOD at 23; McNeal HOD at 25. The hearing officer provided much of the requested relief in determinations issued on December 15, 2023. Specifically, the officer granted the request for compensatory services but concluded that he lacked authority to extend IDEA eligibility or order a facility transfer. *E.g.*, Barnes HOD at 8–27.

Plaintiffs brought this lawsuit in March 2024 based on the hearing officer's denial of the latter relief. Plaintiffs moved for class certification in June 2024. *See* Mot. for Class Cert., ECF No. 22. In August 2024, the District and BOP filed separate motions to dismiss the plaintiffs' claims. D.C. Mot. to Dismiss, ECF No. 31; BOP Mot.to Dismiss, ECF No. 30. After full briefing, the Court denied the motions to dismiss with respect to alleged violations of § 1412(a)(1)(A) of the IDEA and the Due Process Clause of the Fifth Amendment, and otherwise granted the motions. Order of Mar. 28, 2025 at 2, ECF No. 54. The Court also certified the following class:

> All District residents between the ages of eighteen (18) and twenty-four (24) who: (1) are incarcerated in the BOP as D.C. Code offenders and are currently entitled to receive special education and/or related services pursuant to the IDEA and its federal and local implementing regulations and District law; (2) are or were incarcerated in the BOP as D.C. Code offenders and were entitled to receive special education and/or related services pursuant to the IDEA and its federal and local implementing regulations and District law, but have since aged out of eligibility; or (3) will be incarcerated in the BOP as D.C. Code offenders and were entitled to receive special education and/or related services pursuant to the IDEA and its federal and local implementing regulations and

3

## II. LEGAL STANDARDS

### A. Motion for Clarification

Although "a motion for clarification is not a formal creature of civil procedure," district courts "permit parties to tender motions that beseech the court to explain or clarify something ambiguous or vague about a ruling." *All. Of Artists & Recording Cos. v. GM Co.*, 306 F. Supp. 3d 413, 418 (D.D.C. 2016) (quotations and citation omitted). Indeed, litigants "are encouraged 'to file motions for clarification when they are uncertain about the scope of a ruling.'" *Steele v. United States*, No. 1:14-cv-1523-RCL, 2023 WL 6215790, at *5 (D.D.C. Sept. 25, 2023) (quoting *United States v. All Assets Held at Bank Julius, Baer & Co.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018)).

### B. Motion for Reconsideration Under Rule 54(b)

"A motion for reconsideration, not a motion for clarification, is proper when 'a party seeks to alter or modify the result, rather than merely to grasp its meaning or scope in the face of an actual and material ambiguity.'" *Id.* (quoting *Sai v. Transp. Sec. Admin.*, No. 14-cv-403-RDM, 2015 WL 13889866, at *3 (D.D.C. 2015)). District courts may reconsider interlocutory orders under Rule 54(b) "as justice requires." *Lin v. District of Columbia*, 47 F.4th 828, 838–39 (D.C. Cir. 2022). This standard confers broad discretion, reflecting a district court's "inherent power" to revise non-final orders. *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011); *see also id.* ("[T]he district judge is in the best position to assess whether or not 'justice requires' [reconsideration]." (quoting *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22-23 (1st Cir. 1985) (Breyer, J.)). Reconsideration may be appropriate "when the nonmovant demonstrates an intervening change in the law; the discovery of new evidence not previously available; or a clear error in the first order." *Lucas v. District of Columbia*, 214 F. Supp. 3d 1, 5 (D.D.C. 2016).

revise "any order *or other decision,* however designated," so long as the order is interlocutory in nature. Fed. R. Civ. P. 54(b).

If Plaintiffs had merely asked the Court to confirm that SJP was authorized to begin serving as class counsel despite the lack of a formal order on the issue,[1] then perhaps the Motion would properly be construed as a motion for clarification. Instead, Plaintiffs invite the Court to "alter or modify the result" of that ruling. *Steele,* 2023 WL 6215790, at *5. Such a request fits comfortably within the domain of Rule 54(b). With the proper legal standard in view, the Court now turns to the merits of Plaintiffs' request.

### b. The Court declines to reconsider the appointment of SJP as class counsel.

Plaintiffs present two grounds on which the Court should reconsider its appointment of only SJP as class counsel, and instead appoint SJP, the Committee, and Nixon Peabody jointly. Each argument, however, was already presented to the Court in the briefing on class certification and addressed by the Court in its ruling.

Plaintiffs first assert that the three entities "were not, and are not, competing to be class counsel." Mot. at 3. The Court, however, was well aware of this fact at the time of the Memorandum Opinion, acknowledging that the three entities had "collectively applied for appointment." *Barnes,* 2025 WL 947684, at *20. While "[t]here is no question that the appointment of multiple counsel may at times promote the effective management of class action litigation, . . . appointment of multiple class counsel can fail to serve the interests of the class" too. *Cf. In re Baan Co. Sec. Litig.,* 186 F.R.D. 214, 230 (D.D.C. 1999) (discussing class counsel appointments under PSLRA). In this case, the Court assessed that serving the best interests of the

---

[1] Indeed, according to Plaintiffs, the District indicated to Plaintiffs during a conference that it would not oppose a motion for clarification limited to this ground. Mot. at 2–3.

*In re Zyprex Prod. Liab. Litig.*, 253 F.R.D. 69, 210 (E.D.N.Y. 2008) (Weinstein, J.) ("Co-lead class counsel may, as they have to date, associate other lawyers and firms to provide services for the Class.") *rev'd sub nom. on other grounds* 620 F.3d 121 (2d Cir. 2010). Here, permitting the Committee and Nixon Peabody to assist SJP, as necessary, is likely to facilitate the expeditious resolution of this case. Consequently, the Court will allow the Committee and Nixon Peabody to support SJP as class counsel, including by (a) participating in the discovery process by making or receiving requests and information on behalf of SJP and the class, (b) communicating with potential members of the class, (c) assisting with the drafting of pleadings, motions, memoranda, and other documents, (d) appearing and arguing on behalf of the class in future proceedings before the court, and (e) seeking reasonable attorneys' fees and costs that may be awarded by the Court at a future date. Plaintiffs and their counsel should be advised, however, that should the parties seek such an award, the Court plans to carefully review all billing in this case to screen for duplicated or otherwise frivolous efforts. Fee awards will be granted only to the extent that counsel shows that the underlying work is reasonable in scope and advances the interests of the class.

## IV. CONCLUSION

For the foregoing reasons, the motion will be **GRANTED IN PART** to the extent it seeks an order formally appointing SJP as class counsel and permitting the Committee and Nixon Peabody to assist class counsel in the manner set forth herein, and **DENIED IN PART** insofar as it seeks appointment of the Committee and Nixon Peabody as class co-counsel.

An order will follow.

Date: July 24, 2025

Royce C. Lamberth
United States District Judge

9