Otis F. BOYKIN, Plaintiff,

v.

CTS CORPORATION, an Indiana
Corporation, Defendant.

No. 75 C 2309.

United States District Court,
N. D. Illinois, E. D.

March 18, 1976.

Leroy P. Vital, Harth, Vital, Stroger, Boarman & Williams, Chicago, Ill., for plaintiff.

Frank M. Covey, Jr., McDermott, Will & Emery, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, Senior District Judge.

### Motion to Strike

On November 24, 1975, plaintiff filed an amended complaint pursuant to this Court's Memorandum Opinion and Order dated November 13, 1975, wherein we dismissed Count I of the original complaint for lack of subject matter jurisdiction and directed plaintiff to amend Counts II and III of his complaint to conform with the jurisdictional pleading requirements of the Federal Rules of Civil Procedure.

The amended complaint consists of four counts, two of which (Counts I and II), reallege in substance the allegations originally contained in Counts II and III of the initial complaint, and two of which (Counts III and IV), raise new issues attacking the validity of two patents held by defendant, upon which plaintiff seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201 *et seq.*, declaring their invalidity.

Pending before us is defendant's motion to strike Counts III and IV of the amended complaint on the grounds that no case or controversy exists regarding the two challenged patents, and that plaintiff therefore lacks standing to question their validity.

The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, specifies that only "[i]n a case of actual controversy" may a

court of competent jurisdiction enter a judgment regarding the rights of any party. This "actual controversy" requirement has been characterized as no more than a recognition that the Constitution limits the exercise of judicial power to "cases and controversies" in the constitutional sense. *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 239–240, 57 S.Ct. 461, 463, 81 L.Ed. 617, 620 (1937); *Dewey & Almy Chemical Co. v. American Anode, Inc.,* 137 F.2d 68, 70 (3rd Cir.), *cert. denied,* 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454 (1943). Under this standard

> [t]here must be a concrete case touching the legal relations of parties having adverse legal interests, and susceptible "of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged." The distinction is between a case "appropriate for judicial determination" on the one hand, and a "difference or dispute of a hypothetical or abstract character" on the other.

*Dewey & Almy Chemical Co. v. American Anode, Inc., supra,* 137 F.2d at 70, *citing, Aetna Life Insurance Co. v. Haworth, supra,* 300 U.S. at 240–241, 57 S.Ct. at 464, 81 L.Ed. at 621.

As noted by the Supreme Court, however, the specific application of these general principles in any given situation is no simple task. *Maryland Casualty Co. v. Pacific Coal and Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826, 828 (1941):

> The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of suffi-

cient immediacy and reality to warrant the issuance of a declaratory judgment.

In the patent area generally, it is held that an "actual controversy" exists only where the patentee-defendant in the declaratory judgment lawsuit has either expressly or impliedly charged the plaintiff with infringement of its patent. This general requirement of a charge of infringement, however, is liberally construed, *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.,* 439 F.2d 871, 874 (1st Cir. 1971); *Muller v. Olin Mathieson Chemical Corp.,* 404 F.2d 501, 504 (2nd Cir. 1968); *Broadview Chemical Corp. v. Loctite Corp.,* 417 F.2d 998 (2nd Cir. 1969), *cert. denied,* 397 U.S. 1064, 90 S.Ct. 1502, 25 L.Ed.2d 686 (1970), so as not to require that the charge be made directly. *See generally,* 6A *Moore's Federal Practice* (2nd Edition) ¶ 57.20.

In *Robin Products Co. v. Tomecek,* 465 F.2d 1193, 1195–1196 (6th Cir. 1972), the Court articulated the requirements for a justiciable controversy in the patent area, and discussed what type of a "charge" must be made: (citations omitted).

> In actions of the type herein involved, a justiciable controversy is made out upon plaintiff's showing of "any indirect or implicit or covert charge [of infringement] or threat [of suit or] . . . any conduct or course of action from which any charge or threat could be inferred."

> \*    \*    \*    \*    \*    \*

The appropriate test is whether the course of action would be regarded by a reasonable man as a charge of infringement and was so regarded by the party seeking declaratory relief.

Thus, a declaratory action regarding the validity of a patent would be appropriate where a plaintiff has a well grounded fear of a suit for infringement, or his request for declaratory relief is based upon "a reasonable apprehension" that such a suit would be pursued. *Japan Gas Lighter Assoc. v. Ronson Corp.,*

257 F.Supp. 219, 237 (D.N.J.1966); *see also, Medtronic, Inc. v. American Optical Corp.,* 327 F.Supp. 1327, 1333 (D.Minn. 1971).

■ Despite this liberal construction of "actual controversy" in the area of patents, however, the Seventh Circuit has specifically cautioned that though "a claim of infringement need not be formally asserted," not every investigatory act by the owner of a patent can be interpreted as a charge of infringement. *American Needle & Novelty Co. v. Schuessler Knitting Mills,* 379 F.2d 376, 379 (7th Cir. 1967).

> The owner of a patent should have the privilege of making a fair investigation as to the possible infringement of his patent without calling down on his head the undertaking of a defense of an expensive and burdensome declaratory judgment suit alleging invalidity and non-infringement.

*Id.* Thus, absent some outstanding charge of infringement, or at least some grounds for the reasonable apprehension of such future action, there would be no justiciable controversy between the parties, and resort to a declaratory judgment action would be inappropriate. *Walker Process Equipment, Inc. v. FMC Corp.,* 356 F.2d 449, 451–452 (7th Cir.), *cert. denied,* 385 U.S. 824, 87 S.Ct. 56, 17 L.Ed.2d 61 (1966).

In applying these legal principles to the case at bar we hold that plaintiff has failed to show an "actual controversy" within the meaning of the Declaratory Judgment Act even applying the most liberal interpretation as to what constitutes a patent infringement charge.

From the face of plaintiff's amended complaint the only claimed ground for invalidity of the patents in question rests upon allegations of prior art. Amended Complaint Count III, ¶ 5; Count IV, ¶ 5. It was only in response to defendant's motion to strike that plaintiff alleged that a threat of patent infringement was made. Plaintiff's Response at I, and Exhibit 1 thereto.

This allegation of "a threat, together with patent infringement," is based upon a letter from defendant's counsel to another attorney in a wholly unrelated matter, wherein defendant's counsel indicated his surprise that plaintiff had taken "highly confidential information" with him after leaving defendant's employ. As noted by defendant, references in the letter are to "confidential CTS documents;" "highly confidential information;" and "proprietary information, including trade secrets," with no reference at all to patent infringement or patents.

Given these facts, we hold that there were no grounds for even a "reasonable apprehension" on plaintiff's part that a patent infringement action was threatened or imminent. And since we hold that a charge of infringement was not made formally or informally, there was no justiciable issue as to the validity of the patent at the time this action was filed.

Accordingly, we grant defendant's motion to strike Counts III and IV of the amended complaint for lack of "actual controversy" within the meaning of the declaratory Judgment Act, thereby leaving only Counts I and II of the amended complaint wherein plaintiff seeks an accounting and a declaration of proprietary interest in the two named patents.