**Larry Kenneth TURNER, Plaintiff,**

v.

**UNITED STATES NAVY, Defendant.**

**No. 2:92mc71.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 7, 1992.

Larry Kenneth Turner, pro se.

John Phillip Krajewski, Asst. U.S. Atty., Norfolk, Va., for U.S.

## OPINION AND DISMISSAL ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiff, proceeding *pro se*, submitted this action under 42 U.S.C. § 1981 to re-

dress alleged violations of his constitutional rights. Plaintiff also submitted an affidavit of poverty and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. This court GRANTS plaintiff's request to proceed *in forma pauperis* in this case only and ORDERS the complaint FILED without prepayment of costs or giving of security therefor.

Although plaintiff's complaint is not entirely clear, it appears to allege that plaintiff invented the Space Shuttle while in the United States Navy and that he has never been recognized or properly compensated for his efforts. The complaint also alleges that both current and former members of the Navy have refused plaintiff's periodic requests for various forms of assistance. Although plaintiff purported to bring his complaint under 42 U.S.C. § 1981 on the basis of "discrimination," he never stated how or why he was discriminated against. Plaintiff seeks "a settlement of this topic in a rational way with the option for anything he wants, starting with a sum tentatively of $200,000,000.00."

▮ Based upon careful consideration of plaintiff's pleadings and a familiarity with plaintiff's numerous other filings, as well, this court determines that dismissal of this action is appropriate under 28 U.S.C. § 1915(d). Section 1915(d) provides for the dismissal of an *in forma pauperis* action if the court is "satisfied that the action is frivolous...." A case is frivolous for purposes of § 1915(d), if plaintiff would not be entitled to relief under any arguable construction of law or fact. *Denton v. Hernandez,* —— U.S. ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989); *Boyce v. Alizaduh,* 595 F.2d 948, 952 (4th Cir.1979).

▮ As stated above, such a dismissal contemplates two different types of frivolousness—factual and legal. Factual frivolousness includes allegations that are "clearly baseless," which means "fanciful," "fantastic," or "delusional." *Neitzke,* 490

U.S. at 325, 327–28, 109 S.Ct. at 1831–32, 1832–33. Under the *in forma pauperis* statute, 28 U.S.C. § 1915, the court is "not bound ... to accept without question the truth of plaintiff's allegations" simply because they "cannot be rebutted by judicially noticeable facts." *Denton,* 112 S.Ct. at 1733. Legal frivolousness, on the other hand, allows the court to dismiss a complaint under § 1915(d), if it is based on "an indisputably meritless legal theory.... Examples of [this] class are claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist...." *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1833 (citation omitted).

▮ In the case at bar, plaintiff's complaint is subject to dismissal as frivolous on both factual and legal grounds. First, the court concludes in its discretion that plaintiff's factual allegations concerning his invention of the Space Shuttle are "clearly baseless." Second, plaintiff's allegations are also legally frivolous because any suit seeking money damages from the United States Government, or an agency thereof, which would have to be satisfied out of general Treasury funds, is barred by the affirmative defense of sovereign immunity under the Eleventh Amendment. *See, e.g., Selden Apartments v. United States Dep't of Hous. and Urban Dev.,* 785 F.2d 152, 156–58 (6th Cir.1986) (holding suit filed against federal agency under 42 U.S.C. § 1981 barred by sovereign immunity). This court is unaware of, and plaintiff has failed to identify, any statutory provision waiving that defense which would allow plaintiff to bring suit against the United States Navy under the facts in this case.

▮ In conclusion, it is obvious that there is no arguable construction of law or fact under which plaintiff would be entitled to relief under § 1981. Accordingly, these claims are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(d).[1]

---

1. This dismissal is with prejudice insofar as plaintiff may seek to file *in forma pauperis* another complaint alleging the same facts.

However, "the dismissal does not prejudice the filing of a paid complaint making the same allegations." *Denton,* 112 S.Ct. at 1734.

The court also notes for the record that this is only one of four complaints submitted by plaintiff in less than three months.[2] Two of these complaints revolved directly around his alleged invention of the Space Shuttle and mistreatment by the United States Navy, his former employer. In plaintiff's other two complaints, he alleged that he was illegally held by two psychiatric facilities and two police departments. Although the court granted plaintiff's requests to proceed *in forma pauperis* in these cases, all were subsequently dismissed either under 28 U.S.C. § 1915(d) as frivolous or under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

Based on the aforementioned, the court concludes that Turner has abused court process by the filing of successive, frivolous complaints. Accordingly, it is ADJUDGED and ORDERED that leave to file *in forma pauperis* shall be denied forthwith except upon good cause shown. If Turner wishes to continue filing at his present rate, he must pay the full filing fee of $120.00 for each complaint submitted. *See* 28 U.S.C. § 1915; *Graham v. Riddle*, 554 F.2d 133, 134–35 (4th Cir.1977).

Plaintiff is advised that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this order.

The Clerk is DIRECTED to send a copy of this opinion and dismissal order to plaintiff and the United States Attorney.

It is so ORDERED.

2. Plaintiff submitted Action Nos. 2:92cv233 and 234 on March 20, 1992; Action No. 2:92cv293 on April 14, 1992; and this Action No. 2:92mc71 on June 10, 1992.