Khaled **IBRAHAM,** Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

No. C–3–99–400.

United States District Court,
S.D. Ohio,
Western Division.

Aug. 21, 2000.

with the power to prevent unfair labor practices and to remedy violations of the NLRA.")

DECISION AND ENTRY SUSTAINING MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(3), TREATED AS A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. # 3); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

RICE, Chief Judge.

This litigation arises out of the failure of the Internal Revenue Service ("IRS") to release a tax lien upon property purchased by Plaintiff Khaled Ibraham. According to Plaintiff's Complaint (Doc. # 1), on July 23, 1997, he purchased a home located at 1179 Merriman Lane in Winchester, VA, from Enar and Deya Darwish, for the sum of $195,000. On August 14, 1997, the IRS filed a lien against said property in order to secure payment for a tax liability owed by the Darwishes. On February 17, 1998, Plaintiff forwarded a Request for Certificate of Release of Lien, notifying the IRS of its error and requesting a release of the lien on the Winchester property. The IRS. failed to respond timely to the Plaintiff's request. Plaintiff subsequently filed a claim for damages for failure to release the lien. The IRS failed to respond to that claim, as well. Consequently, on August 16, 1999, Plaintiff initiated this litigation against the United States, pursuant to 26 U.S.C. § 7432 *et seq.*, seeking an order that Defendant release the lien, damages in the amount of $25,000, and costs.

Pending before the Court is the Motion of the United States to Dismiss (Doc. # 3). In its Motion, the government argues that venue is improper in this District, as set forth in 28 U.S.C. § 1391(e), because the action is one to quiet title and the subject property is located in Virginia. The United States further argues that this Court lacks subject matter jurisdiction, because Plaintiff may not maintain an action under 26 U.S.C. § 7432. For the reasons assigned, Defendant's Motion to Dismiss, treated as a motion to dismiss for lack of subject matter jurisdiction, is SUSTAINED.[1]

Plaintiff has brought this action pursuant to 26 U.S.C. § 7432. Section 7432(a) allows a taxpayer to bring an action for damages against the IRS if "any officer or employee of the [IRS] knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer." The United States argues that Plaintiff's action under that statute must be dismissed for want of subject matter jurisdiction, because its statutory language limits causes of action to "taxpayers." The government contends that this litigation is properly brought under 28 U.S.C. § 2410 as an action to quiet title. Plaintiff has responded that he is a "taxpayer," within the meaning of § 7432 and, therefore, his action under that statute is proper. The Court agrees with the United States.

A number of courts have addressed the scope of § 7432 in light of other sections of the Tax Code. Almost universally, these courts have held that § 7432 provides a cause of action only to the individual against whom the IRS is trying to collect. *E.g., Soghomonian v. United States* [2000–1 USTC ¶ 50,146], 82 F.Supp.2d 1134, 1143 (E.D.Cal.1999); *Progressive Bank & Trust Co. v. Moore* [91–1 USTC ¶ 50,192], 1991 WL 55790 (E.D.La. Apr.8, 1991); *Lee v. United States* [93–2 USTC ¶ 50,490], 1993 WL 393054 (N.D.Ga. July 20, 1993); *see also Allied/Royal Parking L.P. v. United States* [99–1 USTC ¶ 50,229], 166 F.3d 1000, 1002 (9th Cir.1999) ("Section 7433(a) requires that [the plaintiff] be 'such taxpayer' from whom the IRS collected the tax ...; that is, the direct taxpayer, not a third party."); *Matrix Development Corp. v. United States* [93–1 USTC ¶ 50,194], 815

1. Because the Court concludes that it lacks subject matter jurisdiction, it need not address whether venue is proper in this Court.

F.Supp. 297 (E.D.Wis.1993) (same); *Haas v. Schalow,* [99–1 USTC ¶ 50,191], 1998 WL 904727 (7th Cir. Dec.23, 1998) (plaintiff had no standing to bring § 7433 claim, because "he was not the taxpayer liable for the tax which the defendants were seeking to collect."). In *Progressive,* the court found that a woman whose property was seized in order to satisfy her husband's tax debts lacked standing to sue under § 7432 and § 7433, because she was not the taxpayer against whom the IRS was attempting to collect. The district court addressed and rejected the exact arguments asserted by Plaintiff herein, stating:

> In this case, Mrs. Moore is an aggrieved, innocent third-party. The United States Courts have consistently held that § 7426 "affords the exclusive remedy for an innocent party whose property is confiscated by the IRS to satisfy another person's tax liability." * * * * * Mrs. Moore cites legislative history and 26 U.S.C. § 7701(a)(14) for the proposition that a "taxpayer" is "any person subject to any internal revenue tax." Because §§ 7432 and 7433 include the term "taxpayer," she argues that the remedies provided by these sections are available to any person subject to internal revenue tax. When read in context, however, the term "taxpayer" as used in §§ 7432 and 7433 is clearly more restrictive. For example, as provided in § 7433, when an I.R.S. employee disregards a provision of the Code "in connection with any collection of Federal tax with respect to a taxpayer, . . . such taxpayer may bring a civil action for damages against the United States."

Reading the statutes in context, the Court must conclude their scope is limited to only those taxpayers against whom the I.R.S. is attempting to collect. * * * * * Mrs. Moore's argument asks the Court to expand the situations in which the United States can be sued. However, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions are not to be implied," and waivers of sovereign immunity must be unequivocally expressed. While §§ 7432 and 7433 do provide remedies in the form of monetary damages against the United States to a taxpayer whose property has been improperly seized to satisfy his or her tax liability, thus far in this matter Mrs. Moore has been considered an "innocent person" by the I.R.S. with respect to her husband's tax liability, and an innocent person whose property is seized to satisfy another's tax liability is limited to only an action for wrongful levy under § 7426. ·

*Progressive* [91–1 USTC ¶ 50,192], 1991 WL 55790 at *2.[2]

More recently, a district court in the Eastern District of California has held that a spouse does not have standing to pursue a claim under § 7432 for improper failure to release a tax lien. In *Soghomonian, supra,* the government sought dismissal of a spouse's claim, arguing that they were trying to collect against her husband and that she was not the "direct taxpayer." The plaintiffs had responded that recent Supreme Court case law, namely *United States v. Williams* [95–1 USTC ¶ 50,218], 514 U.S. 527, 115 S.Ct. 1611, 131 L.Ed.2d

**2.** Although the *Progressive* court concluded that the plaintiff therein was limited to a cause of action under § 7426, the Court notes that § 7426 does not appear to be applicable to the present litigation, because there are no allegations that the IRS has issued a levy against the property in order to foreclose upon or collect its lien. In the present case, a lien has been filed by government. A lien "is merely a security interest and does not involve immediate seizure" whereas a levy "operates as a seizure by the IRS." *United States v. Barbier* [90–1 USTC ¶ 50,107], 896 F.2d 377,

379 (9th Cir.1990); *see United States v. Williams* [95–1 USTC ¶ 50,218], 514 U.S. 527, 535, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995) (a lien is not equivalent to a levy for purposes of § 7426). Plaintiff, however, appears to have a cause of action under 28 U.S.C. § 2410, as the government claims. Because no action has been brought under that statute, the Court declines to address the government's arguments that it would lack federal question subject matter jurisdiction over a claim brought pursuant to § 2410.

608 (1995), has made the government's restrictive interpretation of the term "taxpayer" inappropriate.[3] The district court rejected the plaintiff's argument, reasoning:

> Plaintiffs' contention is unpersuasive, for several reasons. First, the *Williams* case does not, as Plaintiffs contend, control in this case. *Williams* concerned interpretation of a different statute than the one at issue here: 28 U.S.C. section 1346(a)(1), which establishes district court jurisdiction in *"[a]ny* civil action against the United States for the recovery of *any internal revenue tax alleged to have been* erroneously or illegally assessed or collected ...." [95–1 USTC ¶ 50,218], 514 U.S. at 531–32, 115 S.Ct. 1611 (emphasis added). This provision is not limited to a "taxpayer" (as is section 7432(a)), or to the "direct taxpayer" (as does almost every case to interpret section 7432(a)). In addition, the plaintiff in *Williams* had actually paid by [sic] the wrongfully assessed tax, in spite of the fact that the underlying tax debt wasn't hers but her former husband's, and was suing for the refund. The Supreme Court relied on this point in concluding that to deny her recovery in this case "would leave people in Williams' position without a remedy." [95–1 USTC ¶ 50,218], 514 U.S. at 536, 115 S.Ct. 1611. Here, no such payment is alleged to have occurred. Not only did the IRS never collect an illegal tax from Deborah, it is not alleged to have even tried.

Second, *Williams* is not, as Plaintiffs suggest, the latest word on who may be a plaintiff–"taxpayer" under the taxpayer suit provisions of the United States Code. Several of the cases the United States now relies on in support of its motion were cited with approval in *Allied/Royal,* [*supra,*] including *Ferrel* and *Progressive Bank & Trust Co. v. Moore,* [*supra*]. * * * * * *Williams* was decided by the Supreme Court in 1995. The Ninth Circuit could not have been unaware of Supreme Court precedent in deciding *Allied/Royal,* and in approving of the cases cited therein. Therefore, *Williams* does not constitute "recent case law which discourages the narrow interpretation formerly used." (Opp. to Mot. to Dismiss at 11:8–13.) To the contrary, *Allied/Royal* is the more "recent case law," and it is binding on this court in the present case. * * *

It is the established rule that waivers of sovereign immunity are construed narrowly and in favor of the sovereign. For these reasons, the motion of the United States to dismiss Deborah's first claim for relief will be granted.

*Soghomonian* [2000–1 USTC ¶ 50,146], 82 F.Supp.2d at 1142–43 (emphasis in original). Upon review of these cases and the other cases which have ruled similarly, this Court finds the reasoning set forth therein to be persuasive, and it has found no persuasive authority to the contrary.[4] Accordingly, this Court concludes that Plaintiff, an individual other than the person

---

3. Surprisingly, Plaintiff does not even mention *United States v. Williams* [95–1 USTC ¶ 50,218], 514 U.S. 527, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995). In that case, the plaintiff paid her ex-husband's tax debt under protest to remove several tax liens, which were impeding the imminent closing of a sale of the encumbered property. The Court held that a person who pays another's tax liability under compulsion may claim a refund under § 1346(a)(1), and the fact that the wrongful lien compelled payment of the tax did not require, as the exclusive remedy, a lawsuit under 26 U.S.C. § 7426. In support of his argument, Plaintiff herein cites to *Brodey v. United States* [91–2 USTC ¶ 50,501], 788

F.Supp. 44 (D.Mass.1991), which presented a scenario factually similar to *Williams* (officer of taxpayer corporation sued for refund after mistakenly paying corporation's tax liability).

4. The Court notes that one court has concluded, citing *Williams,* that a corporation, which was not the taxpayer upon whom the taxes were assessed and which owned property upon which the government had placed a tax lien, could bring an action for damages under §§ 7432 and 7433. *Southland Forming, Inc., v. United States* [98–1 USTC ¶ 50,155], 1997 WL 842410 (S.D.Fla. Dec.10, 1997). This decision, not rendered by a sister trial court within this Circuit, is not binding upon this Court.

against whom the IRS is attempting to collect, does not have standing to assert an action under § 7432. The United States, therefore, has not waived its sovereign immunity with regard to Plaintiff's action. Accordingly, Plaintiff's action must be dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, the Motion of the United States to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(1) or 12(b)(3) (Doc. # 3), treated as a Motion to Dismiss for lack of subject matter jurisdiction, is SUSTAINED.

Judgment will enter in favor of the Defendant and against the Plaintiff, dismissing the captioned cause for lack of this Court's subject matter jurisdiction.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Regardless, the *Southland* court has extended *Williams* to circumstances where the plaintiff seeks a pre-deprivation remedy (§ 7432), *i.e.,* where the plaintiff has *not* paid the tax liability in full. The *Williams* court emphasized that the plaintiff had paid her ex-husband's liability and that she would have been left without *any* remedy absent a suit for refund. There is no indication that the Supreme Court intended to extend its holding to situations where a plaintiff may avail himself of pre-deprivation remedies in the United States Code, such as a suit under 28 U.S.C. § 2410. *See Dahn v. United States* [97–2 USTC ¶ 50,847], 127 F.3d 1249 (10th Cir.1997) (a party cannot concurrently bring actions under § 7426 and § 2410). Accordingly, this Court does not find the reasoning of the *Southland* court to be persuasive.