Angel **RUIZ RIVERA, et al, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE,**
Defendant.

**Civil No. 99–1012 (JAG).**

United States District Court,
D. Puerto Rico.

Sept. 24, 2002.

Julio C. Morillo–Limardo, Hermanas Davila, Hugo Rodriguez–Diaz, Bayamon, PR, Julian R. Rivera–Aspinall, Angel Ruiz–Rivera, San Juan, PR, for Plaintiffs.

Beatriz T. Saiz, Christopher J. Kayser, Washington, DC, Isabel Munoz–Acosta, Torre Chardon, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

On August 5, 2002, defendant Internal Revenue Service (the "IRS") moved for summary judgment on plaintiff Angel Ruiz Rivera's ("Ruiz") claims under the Internal Revenue Code, 26 U.S.C. §§ 7431–7433, the First, Fourth, and Fifth Amendments to the United States Constitution, as well as supplemental state law claims (Docket No. 54). On August 22, 2002, Ruiz filed an opposition (Docket No. 70). For the reasons discussed below, the Court grants the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1981, Ruiz founded the Instituto de Educacion Universal ("IEU"), a private post-secondary technical and higher education institution. In 1982, Ruiz founded a real-estate holding company known as Compañia de Inversiones Urayoan, Inc. ("CIU"). Ruiz served as president of both corporations. In 1988, IEU purchased a building known as 404 Barbosa in Hato Rey, Puerto Rico.

In 1995, IEU failed to pay its employment taxes for the periods ending on June 30, 1995, September 30, 1995, and December 31, 1995, respectively. The IRS assessed IEU approximately $700,000 for unpaid employment taxes. In April 1996, the IRS filed various notices of federal tax liens against IEU for the assessed amount.

On October 31, 1995, IEU sold the 404 Barbosa property to CIU. In 1997, CIU began negotiations with Rogena Kyles ("Kyles"), then president of Ramirez College, for the lease of the 404 Barbosa building. In order to protect its interests, Ramirez College hired Justo Garcia Iñiguez, Inc. ("Garcia") to conduct a title search on the 404 Barbosa property. On September 9, 1998, Garcia completed the title search, which revealed that a federal tax lien against IEU in the amount of $790,758.59 was attached to the 404 Barbosa property. Manuel Duran, an attorney for Ramirez College, met with an official from the Puerto Rico Registry of the Property, who informed him that the lien had been properly filed.

In October of 1998, Kyles contacted Moises Rodriguez ("Rodriguez") of the IRS in order to ascertain the validity of the lien. Kyles identified herself to Rodriguez and explained the circumstances of her inquiry, identifying the property at issue and CIU as its owner. Rodriguez had no information on the lien and requested that Kyles fax him a copy of the title search. Without verifying the information, Rodriguez explained to Kyles the IRS's general policy regarding property

---

1. Alejandro J. Cepeda–Díaz, a third-year student at the University of Puerto Rico School of Law, assisted in the research and preparation of this opinion.

liens when it had reason to believe that a property owner had transferred ownership to avoid tax liability. Approximately ten days later, Rodriguez and Kyles had a second conversation where Rodriguez explained that the IEU lien was valid and that he had no reason to believe that it was not. On December 2, 1998, Ramirez College informed CIU of its decision not to lease the 404 Barbosa property.

■ On January 8, 1999, Ruiz, appearing *pro se*, filed suit on his own behalf and on behalf of CIU (Docket No. 1). On June 21, 1999, attorneys Hugo Rodriguez–Diaz and Julian R. Rivera–Aspinall appeared on CIU's behalf (Docket No. 8). On March 31, 2000, CIU's attorneys filed a motion seeking the Court's permission to withdraw from the case (Docket No. 16). On March 11, 2000, the Court denied the motion until CIU announced new counsel (Docket No. 20).[2] CIU never complied. On February 7, 2001, after the case was reassigned to this Judge, the attorneys renewed the motion to withdraw (Docket No. 28). On March 26, 2001, the Court issued an order granting the motion to withdraw and ordering CIU to retain new counsel (Docket No. 30). On September 26, 2001, the Court ordered plaintiffs to show cause why they had failed to comply with the Court's previous order (Docket No. 31). On June 4, 2002, after allowing CIU several enlargements of time, the Court dismissed CIU's claims with prejudice for failure to comply with the Court's orders (Docket Nos. 47, 48).

## DISCUSSION

### A. *Summary Judgment Standard*

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, where pertinent, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir. 2000).

In order for the factual controversy to prevent summary judgment, the contested fact must be "material" and the dispute over it must be "genuine." "Material" means that a contested fact has the potential to change the outcome of the suit under the governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party

---

**2.** It is well settled that corporations can only be represented by licensed counsel. *See generally In re K.M. A., Inc.*, 652 F.2d 398 (5th Cir.1981); *B. Muñoz, Inc. v. Productora Puertorriqueña*, 109 D.P.R. 825 (1980). As a *pro se* litigant, Ruiz can only represent himself.

based on the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment." *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

To make this assessment in a given case, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). When carrying out that task, the court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *See Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

**B.** *The IRS's motion for summary judgment*

**1.** *Ruiz's § 7433 claim*

The IRS argues that the Court must dismiss Ruiz's claim for damages resulting from collection actions for lack of standing. Section 7433 of the Internal Revenue Code provides that "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally disregards any provision of this title, or any regulation promulgated under the title, such taxpayer may bring a civil action for damages against the United States...." 26 U.S.C. § 7433(a). "The plain language of § 7433 confers standing only on a taxpayer to sue for damages

incurred in connection with the collection of his own taxes." *Wittmann v. U.S.*, 869 F.Supp. 726, 731 (E.D.Mo.1994). The waiver of sovereign immunity under § 7433 is limited to claims by the direct taxpayer from whom the IRS collected the tax. *See Ferrel v. Brown*, 847 F.Supp. 1524, 1528 (W.D.Wash.1993). A "taxpayer" is defined as "any person subject to any internal revenue tax." 26 U.S.C. § 7701(a)(14). A corporation is considered a person under the statute. *See* 26 U.S.C. § 7701(a)(1).

In this case, the IRS's collection actions were taken against IEU, not Ruiz. Therefore, IEU, not Ruiz, was the taxpayer with standing to file suit under § 7433. *See Wittmann v. U.S.*, 869 F.Supp. at 731; *Ferrel v. Brown*, 847 F.Supp. at 1528. Accordingly, the Court will dismiss Ruiz's § 7433 claim for lack of standing.

**2.** *Ruiz's § 7432 claim*

Pursuant to § 7432, "[i]f any officer or employee of the [IRS] knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States...." 26 U.S.C. § 7432(a). As discussed above, the language of the statute confers standing only on the taxpayer against whose property the IRS has attached the lien.

Although CIU was the owner of the 404 Barbosa property at the time the lien was filed, it nevertheless lacks standing to sue under § 7432. *See Ibraham v. U.S.*, 123 F.Supp.2d 408, 410 (S.D.Ohio 2000)(holding that the subsequent owner of real property was not the taxpayer under § 7432 where the lien to secure payment for tax liability owed by prior owners was filed after ownership was transferred).[3] CIU, as current

---

**3.** The claim should have been brought under § 7426, which provides the exclusive remedy

for any person, other than the taxpayer, who claims an interest in the property upon which

owner of the 404 Barbosa property, would be the party with standing to sue under § 7426. Since CIU has been dismissed from the case, however, the Court need not go further. Therefore, the Court will dismiss Ruiz's § 7432 claim for lack of standing.

### 3. *Ruiz's § 7431 claim*

■ The Internal Revenue Code provides that, except as set forth in § 7432, § 7433 shall be the exclusive remedy for recovering damages resulting from collection actions. The IRS contends that, because the disclosure in this case occurred in relation to its collection activities, namely, the filing and existence of a federal tax lien, § 7433 precludes Ruiz from seeking a remedy under § 7431. *See Shwarz v. U.S.*, 234 F.3d 428, 432 (9th Cir.2000).[4] Although the Court is inclined to agree with the IRS's argument, it will instead dismiss the claim on the ground that Ruiz lacks standing to sue under § 7431. Having found alternative grounds for dismissal, the Court need not decide whether § 7433 precludes an action under § 7431 in the context of disclosures related to collection actions.

Section 7431 provides that "[i]f any officer or employee of the United States knowingly, or by reason of negligence . . . discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States . . . ." 26 U.S.C. § 7431(a). Once again, the phrase "such taxpayer" indicates that only the taxpayer whose "return" or "return information" has been allegedly disclosed has standing

to sue. In this case, IEU was the party with standing to raise this claim.[5] Therefore, the Court will dismiss Ruiz's § 7431 claim for lack of standing.

### 4. *Ruiz's Constitutional claims*

■ The IRS argues that Ruiz's constitutional claims must be dismissed because the U.S. has not waived its sovereign immunity. "[A] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996).

■ The actions allowed under §§ 7431, 7432, and 7433 of the Internal Revenue Code are limited waivers of sovereign immunity which do not allow for claims of constitutional violations.

> Defendant is subject to the constitutional claims of Plaintiff only to the extent that they may be brought under 26 U.S.C. § 7433; they cannot be brought under the [U.S.] Constitution. The [U.S.], therefore, has not waived sovereign immunity for constitutional violations. As a result, the sovereign immunity doctrine bars Plaintiff's claims against the [U.S.] for alleged constitutional violations.

*Gonsalves v. U.S.*, 782 F.Supp. 164, 168 (D.Me.1992)(footnotes omitted). Therefore, the Court will dismiss Ruiz's constitutional claims because they are barred by the doctrine of sovereign immunity.

a levy has been made. *See* 26 U.S.C. § 7426(a).

**4.** It should be noted that the Court in *Shwarz* specifically held that § 7431 remained the exclusive remedy for disclosures not made within the context of collection actions.

**5.** The Court notes that the claim by IEU would have most likely been dismissed because the information disclosed by the IRS did not fall under the definitions of "return" and "return information" pursuant to 26 U.S.C. §§ 6103(b)(1) and (2).

5. *Ruiz's Supplemental State Law Claims*

Ruiz invokes the Court's supplemental jurisdiction over his claims for damages under Puerto Rico's general tort statute, 31 P.R. Laws Ann. § 5141, for libel and slander, 32 P.R. Laws Ann. § 3141, and for violation of his rights under Art. II § 8 of the Puerto Rico Constitution to be free from attacks on his honor and reputation. Although the IRS does not refer to Ruiz's supplemental state law claims in its motion for summary judgment, the Court will dismiss them *sua sponte* because they are barred by the doctrine of sovereign immunity and the Court is therefore deprived of jurisdiction to entertain them.

■ It is well settled that "any suit seeking money damages from the U.S. Government, or an agency thereof, which would have to be satisfied out of general Treasury funds, is barred by the affirmative defense of sovereign immunity under the Eleventh Amendment." *Turner v. U.S. Navy*, 793 F.Supp. 679, 680 (E.D.Va.1992)(*citing Selden Apartments v. U.S. Dep't of Hous. and Urban Dev.*, 785 F.2d 152, 156 (6th Cir.1986)). This Court is unaware of, and Ruiz has failed to identify, any statutory provision waiving sovereign immunity that would allow him to bring suit against the U.S. under the Constitution or laws of Puerto Rico. Therefore, the Court will dismiss Ruiz's supplemental state law claims.

## CONCLUSION

For the foregoing reasons, the Court grants IRS's motion for summary judgment and dismisses Ruiz's complaint with prejudice. Judgment shall enter accordingly.

IT IS SO ORDERED.