**Not for Publication in West's Federal Reporter**

**Citation Limited Pursuant to lst Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 03-1083

ANGEL RUIZ-RIVERA, ET AL.,

Plaintiffs, Appellants,

v.

INTERNAL REVENUE SERVICE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Howard, Circuit Judge,

Campbell and Cyr, Senior Circuit Judges.

Angel Ruiz Rivera on brief pro se.
Julio Morillo Limardo on brief for appellants.
Curtis C. Pett and John A. Dudeck Jr., Tax Division, Department of Justice, and Eileen J. O'Connor, Assistant Attorney General.

March 30, 2004

**Per Curiam**. Appellants Angel Ruiz-Rivera and Compania de Inversiones Urayoan, Inc. (CIU) appeal from the district court's grant of the motion for summary judgment filed by the Internal Revenue Service (IRS). Appellants also appeal from the district court's (1) denial of their motion for reconsideration of that court's dismissal of CIU from the case due to CIU's failure to timely secure counsel to represent it and (2) denial of Ruiz-Rivera's motion to file an amended complaint. We affirm the district court in all respects.

As for the merits, we affirm the district court's grant of summary judgment to the IRS for essentially the reasons stated in that court's Opinion and Order. See Ruiz Rivera v. I.R.S., 226 F. Supp. 2d 345 (D.P.R. 2002). We only add two comments. First, constitutional claims against the IRS, a federal agency, plainly are barred. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (refusing to imply a Bivens-type cause of action directly against a federal agency). Second, any tort claims against the IRS must be brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, which "waives the sovereign immunity of the United States to suits in tort." See Santiago-Ramirez v. Secretary of Dep't of Defense, 984 F.2d 16, 18 (1st Cir. 1993). However, such a suit would be barred here under the exceptions to sovereign immunity contained in § 2680(c) (barring "[a]ny claim arising in respect of the assessment or collection of any tax") and (h)

-2-

(barring "[a]ny claim arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights").

In relation to the failure of CIU to retain counsel, the district court gave CIU over <u>two years</u> to secure legal representation, and CIU missed all of the deadlines the court had set for an attorney to appear on CIU's behalf. Indeed, an attorney did not file an appearance for CIU until <u>after</u> the court had dismissed CIU from the case. To be entitled to reconsideration of this dismissal, which was not a "final" order, appellants would have to show that the interests of justice required CIU's reinstatement as a plaintiff. <u>See</u> <u>Greene</u> v. <u>Union Mutual Life Ins. Co.</u>, 764 F.2d 19, 22-23 (1st Cir. 1985). We review a district court's denial of an interlocutory motion for reconsideration for abuse of discretion. <u>Douglas</u> v. <u>York County</u>, No. 03-2086, 2004 WL 439922, at *4 (1st Cir. March 11, 2004).

We simply do not see how the interests of justice required the reinstatement of CIU, given the circumstances surrounding appellants' failure to timely secure counsel to represent CIU. First, appellants do not claim that they were unaware of the court orders directing CIU to obtain counsel or that they somehow misunderstood the orders or the deadlines contained in the orders. Rather, appellants, <u>knowing</u> of their obligations, simply did not comply with the district court's orders until two years had elapsed and until CIU had been dismissed from the case.

Compare Douglas, 2004 WL 439922, at *4 (where the district court injected a new issue into the case without notifying the parties, it was an abuse of discretion to deny a promptly-filed motion for reconsideration).

Finally, the district court did not abuse its discretion in denying Ruiz-Rivera's motion to amend the complaint. In this regard, it is undisputed that both Ruiz-Rivera and CIU were represented by counsel when the district court, in its scheduling order, set August 31, 1999 as the deadline for filing amended pleadings. Similarly, it is undisputed that appellants were represented by these same attorneys when the August 31 deadline passed. Appellants' counsel did not request an extension of time to file an amended complaint at this point, but rather waited until the conference held on November 22, 1999 to announce that they would be filing an amended complaint on or before January 3, 2000. Significantly, counsel also missed this deadline.

"We review the denial of a motion to amend the pleadings for an abuse of discretion and will affirm if any adequate reason for the denial is apparent from the record." O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004). Where a responsive pleading has been filed and the district court has entered a scheduling order, as here, Fed. R. Civ. P. 16(b) supplies the standard for obtaining an extension of time. Thus, Ruiz-Rivera was required to show "good cause" for missing the deadline. Id.

Here, Ruiz-Rivera did not file a motion to amend the complaint until August 13, 2002, which was almost three years after the expiration of the scheduling order deadline of August 31, 1999. In attempting to excuse this length of time, appellants focus on the fact that the motion to amend was filed only 30 days after attorney Morillo appeared in the case. This period of time, however, is not determinative.

Rather, the focus of the "good cause" inquiry must be on the reasons for the failure of appellants' original attorneys to meet the scheduling order deadline, as well as on the reasons for the failure of these attorneys to meet their own deadline of January 3, 2000 for the filing of an amended complaint. Appellants, however, do not present any arguments concerning these attorneys nor do they address these early deadlines. Plainly, then, appellants have failed to show either "good cause" for missing the earlier deadline or "diligence" in pursing an extension of time to file an amended complaint. See Rule 16(b).

Moreover, there is no evidence that appellants exercised any diligence during the year and four months that expired between the date their original attorneys were permitted to withdraw -- March 26, 2001 -- and the date they finally filed the motion to amend -- August 13, 2002. That they were without an attorney during this time cannot pardon the delay where, as discussed supra, they failed to show excusable neglect for the length of time it

-5-

took them to secure counsel.     We therefore cannot see that the district court abused its discretion in denying permission to file an amended complaint.

The judgment of the district court is <u>affirmed</u>.